Argued and submitted November 18, 1991, affirmed August 26, 1992

In the Matter of the Compensation of
Riley E. Lott, Jr., Claimant.
OREGON BOILER WORKS
and Employers Insurance of Wausau,
*Petitioners,*

*v.*

Riley E. LOTT, Jr.,
CNA Insurance Company, Combustion Engineering,
Liberty Northwest Insurance Corporation,
Oregon Boiler Works, Cigna Insurance,
Babcock & Wilcox, SAIF Corporation,
Arrow Industrial Maintenance,
Employers Insurance of Wausau
and Pacific Steel Fabricators,
*Respondents.*

(89-23291, 89-14700, 89-14699, 89-14698,
89-12184, 89-14697; CA A68691)

836 P2d 756

Larry D. Schucht, Portland, argued the cause for petitioners. With him on the brief were Kevin N. Keaney, and Stoel Rives Boley Jones & Grey, Portland.

David L. Johnstone, Portland, waived appearance for respondent Riley E. Lott, Jr.

Craig A. Staples, Portland, argued the cause for respondents CNA Insurance Company and Combustion Engineering. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Jenny Ogawa, Salem, waived appearance for respondent Liberty Northwest Insurance Corporation.

No appearance for respondents Cigna Insurance and Babcock & Wilcox.

Michael O. Whitty, Special Assistant Attorney General, Salem, waived appearance for respondents SAIF Corporation and Arrow Industrial Maintenance.

Richard H. Rizk, Beaverton, argued the cause and filed the brief for respondents Employers Insurance of Wausau and Pacific Steel Fabricators.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

## DEITS, J.

Employer Oregon Boiler Works (OBW) seeks review of an order of the Workers' Compensation Board holding it responsible for claimant's occupational disease claim. We affirm.

Claimant was discharged from the Army in 1970. At that time, he had suffered some hearing loss. In 1974, he began working as a boilermaker. He was working for OBW in March, 1983, when he sought medical treatment for his hearing loss, which had worsened since 1970. Thereafter, he occasionally wore a hearing aid in his right ear. He did not then make a claim against OBW. He worked for Combustion Engineering (CE) in 1987, for Pacific Steel Fabricators (PSF) in 1988 and again for CE for five days in 1989. He did not lose any time from work as a result of his hearing loss.

In April, 1989, claimant filed a workers' compensation claim against the three employers. Each employer denied responsibility. Both the referee and the Board found that claimant's hearing loss has worsened since March, 1983, when he first sought medical treatment. The referee concluded that the last injurious exposure rule applies and that, because claimant's work exposure while working for his last employer, CE, *could* have caused his condition and there is no evidence that an earlier employment was the sole cause of the worsening, CE is responsible for claimant's condition.

The Board reversed the referee, holding that, once liability is initially fixed, responsibility does not shift to a subsequent employer unless it is proved that the work exposure at the subsequent employer actually caused a worsening of the underlying disease. The Board then concluded that

> "the medical evidence is not sufficient to show actual causation by claimant's employment with CE. The worsening could just as likely have resulted from the exposure claimant had [at] Oregon Boiler Works *after* March 1983. Therefore, we conclude that responsibility remains with Wausau's insured, Oregon Boiler Works, the employer with whom liability was originally fixed." (Emphasis supplied.)

OBW argues that the Board erred in refusing to place responsibility on CE. It first contends that the Board should have disregarded the opinion of Dr. Lipman that claimant's

work at CE did not actually worsen his condition, because Lipman based that opinion on his erroneous belief that claimant wore earplugs while working at CE. Even assuming that Lipman was mistaken as to claimant's use of earplugs at CE, the evidence shows that that was only one of several factors on which he relied. He also considered the short duration of the employment — five days — and the low noise levels at the job site. The Board recognized that there were inconsistencies in Lipman's testimony but, nonetheless, concluded that "the medical evidence is not sufficient to show actual causation by claimant's employment with CE." The Board's findings are supported by substantial evidence.

OBW also argues that the "record shows that the post-1983 employers' work sites worsened claimant's hearing" and that, because the CE work was the last that "could have" contributed to the hearing loss, CE is responsible for the condition. We agree with the Board that, in order to shift responsibility from OBW to CE, it must be shown that the condition was *actually* worsened by the work exposure at CE.

Ordinarily, responsibility for an occupational disease is assigned to the claimant's employer at the time that the disease results in disability. However, when the worker is not disabled by the disease, the "triggering event" for assignment of responsibility is the time when the worker first seeks medical treatment for the condition. *Progress Quarries v. Vaandering*, 80 Or App 160, 163, 722 P2d 19 (1986). Claimant did not lose time from work. OBW was his employer when he first sought medical treatment for his hearing loss. Thus, it was initially responsible for the condition.

OBW does not dispute that it was initially responsible. It contends, however, that responsibility shifted from it to a subsequent employer, CE. To shift responsibility for an occupational disease claim to a later employer, the earlier employer must prove that the later employment conditions actually contributed to a worsening of the condition. *Boise Cascade v. Starbuck*, 296 Or 238, 243, 675 P2d 1044 (1984); *Bracke v. Baza'r*, 293 Or 239, 250, 646 P2d 1330 (1982), *mod* 294 Or 483, 658 P2d 1158 (1983); *Progress Quarries v. Vaandering, supra*, 80 Or App at 166 (1982). The Board concluded that the evidence does not show that the work

exposure at CE actually contributed to a worsening of claimant's condition. As we have already said, that finding is supported by substantial evidence.

Affirmed.