Argued and submitted May 15, affirmed December 16, 1992

In the Matter of the Compensation of
Heather I. Smith, Claimant.
SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

Heather I. SMITH,
*Respondent.*

(90-20768; CA A72498)

843 P2d 1000

Kenneth L. Kleinsmith, Portland, argued the cause for petitioner. With him on the brief was Meyers & Radler, Portland.

Daryll E. Klein, Milwaukie, argued the cause for respondent. With him on the brief was Francesconi & Associates, Milwaukie.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Employer seeks review of an order of the Workers' Compensation Board remanding claimant's claim for acceptance and processing. We affirm.

In 1988, employer accepted claimant's claim for tendinitis of the right wrist and forearm as a non-disabling injury. The claim was .closed with no award of permanent disability, and claimant lost no time from work because of the condition. In May 1989, claimant was experiencing pain in her elbow, neck and shoulder. Dr. Treible reported the symptoms to employer at that time. The claim was reopened as an aggravation. Employer accepted the aggravation claim as disabling, but did not specify the condition that was accepted. Claimant underwent surgery on her right wrist, returned to modified work and participated in physical therapy. By January 1990, she was experiencing pain in both wrists and was referred to a specialist, Dr. Kemple, who became her treating physician. In March and April, Kemple reported that claimant was experiencing pain in her hands, wrists, arms, neck and shoulder. He subsequently released claimant from work.

Claimant's aggravation claim was closed by a determination order awarding her temporary disability from the date of the onset of the aggravation, May 11, 1989, to her medically stationary date, September 5, 1990. She was also awarded permanent partial disability for loss of use of her right forearm. The day after the determination order issued, claimant requested a hearing, asking that employer's *de facto* denial of her bilateral neck, shoulder and arm condition be set aside. The referee set aside the denial and found that "[c]laimant's right wrist condition and work activities are the major contributing cause of her neck/shoulder/arm syndrome." He ordered that the claim be remanded to employer for acceptance and awarded attorney fees to claimant.

Employer appealed to the Board, which upheld the referee, agreeing that, when claimant's physicians reported to employer concerning her wrist, neck, right shoulder and left arm condition, that was not only a claim for an aggravation of the original wrist injury, but was also a claim involving the different body parts. The Board agreed with the referee

that claimant had established the compensability of her other conditions.

■ Employer acknowledges that, if a claim is not accepted or denied within the statutory time limit, the claim is deemed denied *de facto. Barr v. EBI Companies*, 88 Or App 132, 134, 744 P2d 582 (1987). However, it argues that claimant did not file a claim on which the Board could find that there was a *de facto* denial. Employer contends that the mention of claimant's other conditions in the doctors' reports did not constitute a claim requiring a response, because

> "the diagnosis of such complaints was not a claim in the absence of the showing of a need for medical services or entitlement to disability benefits in addition to those being provided for the accepted medical condition."

ORS 656.005(6) defines a claim as

> "a written request for compensation from a subject worker or someone on the worker's behalf, or any compensable injury of which a subject employer has notice or knowledge."

Compensation is defined as

> "all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter." ORS 656.005(8).

We agree with the Board that, under those statutes, a physician's report requesting medical treatment for a specified condition constitutes a claim.

■ The Board found that the physician's reports advised employer of the additional conditions and requested treatment for those conditions:

> "[A]s early as May 30, 1989, the employer received medical reports from Dr. Trieble [*sic*] that, in addition to pain in the right wrist and forearm, claimant had pain in her elbow, trapezius and shoulder. Trieble [*sic*] recommended a change in claimant's medication and that she begin stretching exercises and heat therapy. In December 1989, he reported that claimant continued to have pain in both wrists and right elbow and subsequently requested a rheumatologic exam to rule out other etiology and referred her to Dr. Kemple. After subsequent examinations, Kemple reported right shoulder, neck and arm pain, as well as shooting pain down the left

arm, *and prescribed physical therapy and medication*. In light of that evidence, we conclude that a claim was filed for claimant's bilateral neck, right shoulder and left arm condition." (Emphasis supplied.)

We agree with the Board's conclusion that the doctors' reports were an additional claim. Therefore, the Board did not err in concluding that employer's failure to respond within 60 days constituted a *de facto* denial of responsibility for the other conditions.

■ Employer also argues that the Board erred in concluding that claimant's bilateral neck, shoulder and arm conditions were a compensable consequence of her 1988 injury. She was required to show that her compensable condition was the major contributing cause of her neck, shoulder and arm problems. *See* ORS 656.005(7)(a)(A). The Board concluded that the evidence showed that the compensable condition was the major contributing cause of her current condition.

Employer's principal complaint is that the Board's holding is not supported by substantial evidence. In particular, employer challenges the Board's reliance on the opinion of Dr. Fraback, who evaluated claimant's condition in January, 1991. Fraback discussed claimant's condition and concluded:

"I think that [claimant's] accepted right wrist and forearm condition is the major contributing cause of her current condition. I don't see any other explanation for her arm discomfort. There is nothing to suggest a systemic or inflammatory process."

Employer reads Fraback's opinion differently than did the Board. However, the Board explained its reading, and its reasons for not relying on evidence that employer urges is persuasive. The Board's interpretation of the evidence is not unreasonable and, accordingly, we hold that its conclusion is supported by substantial evidence.

Affirmed.