On respondent SAIF's motion for reconsideration filed July 5, and on Spectrum Motorwerks, Inc.'s motion for reconsideration filed July 6, reconsiderations allowed; opinion (135 Or App 67, 897 P2d 335) modified and adhered to as modified November 22, 1995, petition for review allowed April 30, 1996 (323 Or 153) See later issue Oregon Reports

In the Matter of the Compensation of
William A. Strametz, Deceased, Claimant.

The BENEFICIARIES OF THE ESTATE OF
WILLIAM A. STRAMETZ, Deceased, Claimant,
*Petitioners,*

*v.*

SPECTRUM MOTORWERKS, INC.,
Spectrum Motorwerks, Ltd.,
and SAIF Corporation,
*Respondents.*

(WCB 91-17385, 91-10418; CA A80582)

906 P2d 825

Michael O. Whitty, Assistant Attorney General, for motion for SAIF Corporation, as insurer for Spectrum Motorwerks, Inc.

Vera Langer for motion for SAIF Corporation on behalf of Spectrum Motorwerks, Ltd.

RIGGS, J.

Edmonds, J., dissenting.

## RIGGS, P. J.

SAIF Corporation, on behalf of Spectrum Motorwerks, Ltd. (SML), a noncomplying employer, moves for reconsideration of our opinion. 135 Or App 67, 897 P2d 335 (1995). SAIF Corporation, as insurer for Spectrum Motorwerks, Inc. (SMI), also seeks reconsideration. We allow both motions.

Claimant has had several employments as an auto mechanic, many of which were outside of Oregon. Claimant's most recent employments were in Oregon, beginning in 1984. In 1990, while working for SML, claimant suffered symptoms and sought treatment for what was later determined to be mesothelioma. Claimant settled with each of his Oregon employers except SML and SMI. In our first opinion, we held that controlling precedent with regard to the last injurious exposure rule required the conclusion that the last employer with conditions of a kind that could have caused claimant's mesothelioma be assigned responsibility for the claim, even if that specific employment could not have been the actual cause of the condition. We remanded the case to the Board for a determination as to whether employment conditions at either SML or SMI were of the type that could have caused claimant's condition.

In its motion for reconsideration on behalf of SML, the noncomplying employer, SAIF notes that in our opinion we referred to the "long-standing policy that the Workers' Compensation Act is to be liberally construed for the benefit of the worker." On June 7, 1995, the legislature amended ORS 656.012 by adding subsection (3):

"In recognition that the goals and objectives of this Workers' Compensation Law are intended to benefit all citizens, it is declared that the provisions of this law shall be interpreted in an impartial and balanced manner."

SAIF contends that this amendment effectively repeals the policy of liberal construction of workers' compensation laws for the benefit of the worker, and requires that the statutes be construed as favoring neither the worker nor the employer. On that basis, SAIF asks us to reconsider our decision.

As our first opinion explains, 135 Or App at 70, our holding in this case was required by controlling precedent.

Our reference to the rule of liberal construction was in the context of our response to the dissent's decision to disregard that precedent. It was not the rationale for our holding. Assuming, without deciding, that the amendment of ORS 656.012(3) could effect a substantive change in the way that the workers' compensation laws are to be interpreted, that change has no effect on our decision, which is already based on an impartial and balanced interpretation of the law.

As the workers' compensation insurer for SMI, SAIF contends that our opinion mistakenly remands the case to the Board for consideration of whether SMI is responsible for claimant's condition when, in fact, as we noted in a footnote to our opinion, 135 Or App at 69 n 2, claimant was a partner in SMI who had not elected workers' compensation coverage and, hence, was exempt from coverage under ORS 656.027(8). We agree with SAIF that, because claimant was not a subject worker while he was a partner at SMI, he cannot establish a compensable claim arising from his employment at SMI. We mistakenly remanded the case to the Board for a determination whether conditions at SML *or* SMI could have caused claimant's illness. We allow reconsideration and correct our opinion to remand the case to the Board for a determination as to whether conditions at SML could have caused claimant's illness.

Reconsideration allowed; opinion modified and adhered to as modified.

**EDMONDS, J.,** dissenting.

I dissent for the reasons previously stated in my dissenting opinion in this case at 135 Or App 67, 897 P2d 335 (1995).

De Muniz, J., joins in this dissent.