Argued and submitted January 15, decision of the Court of Appeals and order of the Workers' Compensation Board reversed; case remanded to the Board for further proceedings May 22, 1997

In the Matter of the Compensation of
Loyd D. Long, Claimant.
ROSEBURG FOREST PRODUCTS,
*Petitioner on Review,*

*v.*

Loyd D. LONG,
SAIF Corporation, Employers Insurance
of Wausau, and Industrial Indemnity,
*Respondents on Review.*

(WCB 94-06167, 94-06166, 94-06165, 94-06164, 94-06163,
94-05787, 94-04388, 94-04183, 94-02921;
CA A89646; SC S43283)

937 P2d 517

Richard D. Barber, Jr., of Bostwick, Sheridan & Bronstein, Portland, argued the cause and filed the petition for petitioner on review.

David O. Horne, Beaverton, argued the cause and filed a brief for respondent on review Employers Insurance of Wausau.

John E. Snarskis, Portland, argued the cause and filed a brief for respondent on review Industrial Indemnity.

No appearance for respondents on review Loyd D. Long and SAIF Corporation.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

GRABER, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

## GRABER, J.

■     In this workers' compensation case, we are called on to consider aspects of the "last injurious exposure" rule. We hold that, when a claimant has a compensable occupational disease that is caused by working conditions at a single employer, the most recent insurer is fully responsible for the claimant's occupational disease unless that insurer proves either: (1) that it was impossible for workplace conditions at the time that it insured the employer to have caused the disease in this particular case or (2) that the disease was caused solely by employment conditions at a time when the employer was insured by one or more previous insurers.

Claimant worked for Roseburg Forest Products (RFP), in a variety of jobs, from 1960 until his retirement in September 1993. During that time, RFP had several insurance arrangements. From September 27, 1960, to November 9, 1965, RFP was insured by the State Industrial Accident Commission, predecessor to the State Accident Insurance Fund (SAIF). Then, RFP obtained insurance from the Fireman's Fund (November 10, 1965, to June 30, 1970), Employers Insurance of Wausau (July 1, 1970, to June 30, 1976), and Industrial Indemnity (July 1, 1976, to June 30, 1980). RFP was self-insured from July 1, 1980, to the present.

Claimant's employment at RFP exposed him to noise. RFP tested claimant's hearing in 1972. That test revealed that claimant suffered from significant high-frequency hearing loss in both ears. RFP began a program of hearing protection the same year. From that point on, claimant regularly wore hearing protection at work. Claimant never missed work as a result of the hearing loss. He did not seek treatment until 1989, although he noticed symptoms of hearing loss many years earlier. Claimant's pattern of hearing loss from 1972 to 1994 was consistent with the amount of loss that could be expected from the normal aging process.

Claimant filed a workers' compensation claim for bilateral hearing loss. Compensability is conceded by all parties. The parties' dispute concerns who is responsible for paying the claim. The Workers' Compensation Board (Board)

concluded that RFP was responsible as a self-insured employer. The Board agreed with the administrative law judge's findings of fact and wrote:

> "See [*Beneficiaries of Strametz v. Spectrum Motorwerks,* 135 Or App 67, 897 P2d 335, *adhered to as modified* 138 Or App 9, 906 P2d 825 (1995), *rev allowed* 323 Or 153, 916 P2d 311 (1996)] (Responsibility for a claimant's condition remains with last employer/insurer whose work exposure could have caused claimant's condition)."

The Court of Appeals affirmed without opinion. *Roseburg Forest Products v. Long,* 140 Or App 452, 917 P2d 1075 (1996). We then allowed RFP's petition for review.

■  This court has adopted the "last injurious exposure" rule, which imposes full responsibility on the last employer, from the time of the onset of the disability, if the claimant was exposed there to working conditions that could have caused the type of disease suffered by the claimant. *Runft v. SAIF,* 303 Or 493, 499, 739 P2d 12 (1987). The last injurious exposure rule is both a rule of proof and a rule of assignment of responsibility. *Id.* at 500.

■  As a rule of proof, the last injurious exposure rule allows a claimant to prove the compensability of an injury without having to prove the degree, if any, to which exposure to disease-causing conditions at a particular employment actually caused the disease. *Ibid.* The claimant need prove only that the disease was caused by employment-related exposure. *Ibid.* Here, the rule of proof is not at issue, because all parties concede that claimant's hearing loss was work related and, therefore, compensable.[1]

■  As a rule of assignment of responsibility, the last injurious exposure rule assigns full responsibility to the last employer that could have caused the claimant's injury. *Ibid.* We are concerned in this case only with the assignment of responsibility.

---

[1] Claimant's hearing loss falls within the Occupational Disease Law, ORS 656.802 to 656.807. "An occupational disease * * * is considered an injury" under Oregon's workers' compensation law. ORS 656.804. ORS 656.005(7)(a) defines a "compensable injury" as "an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death."

As noted, the Board in this case cited and relied on *Strametz* as the basis for its decision, and the Court of Appeals affirmed without opinion. In *Strametz*, the Court of Appeals had held that, under the last injurious exposure rule, an employer is responsible for a claimant's disability if the conditions at its workplace are of a kind that *could* cause the disease from which the claimant suffers, even though the employer could not have been the actual cause of the particular claimant's disease. *Strametz*, 135 Or App at 74. The first question that we address is the correctness of that holding.

This court's cases demonstrate that, as a rule of assignment of responsibility, the last injurious exposure rule imposes responsibility on the last employer that *contributed* to the worker's disease. In *Boise Cascade Corp. v. Starbuck*, 296 Or 238, 241, 675 P2d 1044 (1984), the court stated:

> "In an occupational disease context, the rule is this: If a worker establishes that disability was caused by disease resulting from causal conditions at two or more places of employment, the last employment providing potentially causal conditions is deemed to have caused the disease. The result is that, once the requirement of some *contributing* exposure has been met, the last employer is liable even though the worker has not proved that the last employment was the actual cause of the disability." (Emphasis added.)

*See also Runft*, 303 Or at 499 ("[I]f a workers' compensation claimant has worked for more than one employer that could have *contributed* to the claimant's occupational disease, the last injurious exposure rule assigns full responsibility for payment of compensation for the disease to the last *such* employer for whom the claimant worked." (emphasis added)); *Bracke v. Baza'r*, 293 Or 239, 248, 646 P2d 1330 (1982) (similar phrasing); *Inkley v. Forest Fiber Products Co.*, 288 Or 337, 344, 605 P2d 1175 (1980) ("The rule requires the claimant to show only that the employment environment during the relevant period *could have* [original emphasis] been a *contributory* [emphasis added] cause of the disease.").

The Court of Appeals in its *Strametz* opinion relied on *Fossum v. SAIF*, 293 Or 252, 646 P2d 1337 (1982), for its conclusion that actual contribution to a claimant's occupational disease is irrelevant in assigning responsibility.

*Strametz*, 135 Or App at 71-74. The deceased worker in *Fossum* had worked for three different shipbuilders in the early 1940's, the last of which was Kaiser Company T.R.D., and had been exposed to asbestos in those jobs. Then, the decedent worked for W.R. Grasle Company (1948-67) and for Willamette Western (1969-76). Shortly after leaving Willamette Western, the decedent was diagnosed with mesothelioma. He died in 1977. His wife filed workers' compensation claims against all five employers. *Fossum*, 293 Or at 254.

This court held that Kaiser was responsible for the mesothelioma, because it was the last employment that exposed the decedent to a sufficient level of asbestos to have caused the kind of disease from which he suffered and died. *Id.* at 255-57. In a footnote, the court stated:

"The employment at Willamette Western could not have been an actual cause of the disease because it was during the 20-year period before which actual causation must have occurred.[2] Had it been proved and found that the conditions of exposure at Willamette Western were of a kind which could have caused the disease, then under the last injurious exposure rule as described by Larson, Willamette Western *would be liable even though that employment could not have been the actual cause. See* 4 Larson, Workmen's Compensation Law § 95.21, *but see, Bracke*, n 5. Where, as here, claimant's interests are protected because all potentially causal employers are parties, it is arguable that a defense of actual impossibility should be allowed to reduce the otherwise arbitrary operation of the last injurious exposure rule. *Cf., Bracke*, n 5. Because there is no evidence of potentially causative exposure at Willamette Western or Grasle, however, we need not decide this issue." *Id.* at 256 n 1 (emphasis added).

That footnote was *dictum*. Moreover, to the extent that the footnote can be interpreted to mean that an employer may be responsible for a particular claimant's occupational disease that it could not, in fact, have caused, the court rejected that analysis in a later case.

---

[2] In *Fossum*, the court noted that mesothelioma does not develop until 20 years or more after exposure to asbestos. 293 Or at 254-55.

*Fossum* was decided two years before *Boise Cascade*, in which this court clarified the last injurious exposure rule. In *Boise Cascade*, the claimant had sustained a back injury while in the employment of Boise Cascade, the first employer, and suffered a worsening of the condition during a later employment. Without the assistance of the last injurious exposure rule, the claimant proved that employment-related events at Boise Cascade were the actual cause of the injury and, thus, that Boise Cascade was the responsible employer. In an attempt to shift responsibility to the later employer whose conditions of employment were found to be capable of causing the claimant's back problems, Boise Cascade invoked the last injurious exposure rule defensively. This court held that, when a claimant chooses to forego the benefit of the "rule of proof" aspect of the last injurious exposure rule, and instead proves that the disability was caused solely by an injury that occurred during an earlier employment, that earlier responsible employer cannot use the rule to shift responsibility to a later employer. *Id.* at 243. The court stated:

> "[The last injurious exposure] rule does not prevent a worker from proving that an earlier employment caused the disability; *nor does it prevent an employer from proving that the claimant's disability was caused by a different employment* or that the disability did not arise from any work-related injury.

> "In a procedural context, if a worker presents substantial evidence of successive work-related injuries causing disability, a prima facie case for recovery from the last employer is made out. *Either or any employer against whom a claim is made still can present evidence to prove that the cause of the worker's disability is another employment or a cause unrelated to the employment." Id.* at 244-45 (emphasis added).

In a footnote, the court explained:

> "In some cases, a worker might assert a disability claim against two employers and establish the claim against the later employer by application of the last injurious exposure rule. *That would not prevent the later employer from proving that the earlier employment was the sole cause in fact of*

*the disability, in which event the earlier employer would be liable to the worker." Id.* at 244 n 3 (emphasis added).

In other words, under *Boise Cascade*, when a worker invokes the last injurious exposure rule to establish a *prima facie* case against the last employer, that employer may avoid responsibility by proving that the disability in a particular case was caused solely by conditions at one or more previous employments. Such a showing shifts responsibility to the specified employer or employers.

By the same logic, the later employer may prove that its working conditions could not possibly have caused the *particular* claimant's occupational disease. By making that latter kind of showing, the employer may avoid responsibility without proving *which* previous employer actually caused the injury. Such a showing shifts responsibility to the next most recent employer.

█    In summary, under this court's prior precedents, once compensability is established, an employer that otherwise would be responsible under the last injurious exposure rule may avoid responsibility if it proves either: (1) that it was impossible for conditions at its workplace to have caused the disease in this particular case or (2) that the disease was caused solely by conditions at one or more previous employments.

Here, claimant was employed by only one employer, not multiple employers. Accordingly, we must decide whether the foregoing aspect of the last injurious exposure rule applies to successive insurers of a single employer.

The case in which this court adopted the last injurious exposure rule involved a dispute about which of two successive insurers for the claimant's one employer was responsible for the claimant's injury. *Inkley*, 288 Or at 337. In *Inkley*, the claimant had suffered a hearing loss over a period of time, and it was uncertain whether employment under the last insurer actually caused any additional hearing loss. *Id.* at 344. Applying the last injurious exposure rule, this court held that the last insurer would be responsible for the entire disability if the employment conditions at the time were such

that they could have contributed to the disability. *Id.* at 345-46. The rule was applied in *Inkley* both as a rule of proof and as a rule of assignment of responsibility. *See Bracke*, 293 Or at 246 (so stating). This court also stated in *Runft*, 303 Or at 499 n 2, that the last injurious exposure rule applies "to cases in which an employer is successively insured by two or more carriers."[3]

Additionally, this court has stated that the function of the last injurious exposure rule is to "spread[ ] liability fairly among employers by the law of averages and * * * reduc[e] litigation." *Bracke*, 293 Or at 248. When dealing with multiple employers, the rule aids in determining which of them is to be financially responsible. Similarly, when dealing with multiple insurers, the rule is useful in determining which of those insurers is to be financially responsible. The rule serves the same risk-spreading function whether multiple employers or multiple insurers are involved.

We conclude that the last injurious exposure rule applies to successive insurers of a single employer. As applied in that context, the rule makes the last insurer of an employer fully responsible for the claimant's occupational disease unless that insurer proves either: (1) that it was impossible for workplace conditions at the time that it insured the employer to have caused the disease in this particular case or (2) that the disease was caused solely by employment conditions at a time when the employer was insured by one or more previous insurers.

Because the Workers' Compensation Board applied a different legal standard than that stated in this opinion, the Board committed an error of law. Therefore, we remand this case to the Board to apply the correct legal standard, as set forth in this opinion.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Board for further proceedings.

---

[3] *See also* Arthur Larson, 4 *Workmen's Compensation Law* § 95.20, at 17-157 to 17-158 (1996) ("The 'last injurious exposure' rule in successive-injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability. This rule * * * is the majority rule in successive insurer cases * * *.").