Argued and submitted January 15, decision of the Court of Appeals reversed; order of the Workers' Compensation Board affirmed July 3, reconsideration denied August 12, 1997

In the Matter of the Compensation of
William A. Strametz, Deceased, Claimant.

The BENEFICIARIES OF THE ESTATE OF
WILLIAM A. STRAMETZ,
*Respondents on Review,*

*v.*

SPECTRUM MOTORWERKS, INC.,
*Respondent on Review,*

*and*

SPECTRUM MOTORWERKS, LTD.,
and SAIF Corporation,
*Petitioners on Review.*

(WCB 91-17385, 91-10418; CA A80582; SC S43042)

939 P2d 617

Vera Langer, of Scheminske, Lyons & Bussman, Portland, argued the cause and filed the briefs for petitioners on review.

Kevin Keaney, of Pozzi, Wilson & Atchison, Portland, argued the cause and filed the brief for respondents on review The Beneficiaries of the Estate of William A. Strametz.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents on review Spectrum Motorwerks, Inc., and SAIF Corporation. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before, Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

VAN HOOMISSEN, J.

.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

## VAN HOOMISSEN, J.

The issue in this workers' compensation case is the application of the last injurious exposure rule in an initial claim context. Spectrum Motorwerks, Ltd. (SML), and SAIF Corporation seek review of a Court of Appeals' decision that reversed and remanded for reconsideration a final order of the Workers' Compensation Board (Board) affirming the denial of claimant's occupational disease claim. *Beneficiaries of Strametz v. Spectrum Motorwerks*, 135 Or App 67, 897 P2d 335, *adhered to as modified* 138 Or App 9, 906 P2d 825 (1995).[1] The question is whether SML is responsible for compensating claimant. Because we conclude that claimant's exposure while working for SML could not have been the actual cause in fact of his occupational disease, we hold that SML is not responsible. Accordingly, we reverse the decision of the Court of Appeals and affirm the final order of the Board.

We take the following undisputed facts from the Court of Appeals' opinion:

"At the time of the hearing in 1992, claimant was a 43-year-old auto mechanic suffering from mesothelioma, a cancer of the chest cavity. The only known cause of mesothelioma is asbestos. Claimant had served in the Navy from 1963 to 1968, where he was exposed to asbestos. After his discharge, he worked as an auto mechanic for 24 years but did not begin working in Oregon until 1984. There is evidence that claimant was exposed to asbestos as an auto mechanic. In 1990, while working for Spectrum Motorwerks, Ltd., claimant sought treatment for chest pains, which were later diagnosed as symptoms of his mesothelioma.

"Claimant filed a claim against his Oregon employers, and settled with all of them except Spectrum Motorwerks, Inc. (SMI) and Spectrum Motorwerks, Ltd. (SML).[2] Both

---

[1] William Strametz pursued the claim at issue through hearing and before the Board on review. He has since died. The beneficiaries of his estate have pursued the claim pursuant to ORS 656.218(3), and they are the actual claimants in this case. For ease of reference, we use the term "claimant" to refer to Strametz.

[2] SMI was an Oregon business formed by claimant and his wife in the mid-1980s. In 1988, SMI became insured by SAIF, but the insurance did not provide coverage to claimant because of his status as a partner in SMI. *See* ORS 656.027(8)

employers denied the claim and claimant requested a hearing. Dr. Dobrow, claimant's treating physician and the only medical witness to testify regarding causation, testified that mesothelioma has a minimum latency period of 10 years. The Board found that the asbestos exposure that caused the mesothelioma must have occurred before 1980. That led the Board to conclude that it was impossible for any Oregon employment to have caused claimant's mesothelioma and the Board affirmed employer's denial." *Strametz*, 135 Or App at 69-70.

Claimant sought judicial review of the denial.

The Court of Appeals noted on judicial review that both compensability and responsibility are at issue. The court concluded that "the evidence as to causation indicates that claimant's lifetime work-related exposure to asbestos caused his mesothelioma." *Id.* at 70. The court held:

> "[I]t is immaterial for purposes of establishing the compensability of the claim, that the employers here, because of the latency period of mesothelioma, were not the actual cause of claimant's disease. All claimant must show to establish a compensable claim is that conditions at the Oregon employer were of the type that could have caused the disease." *Id.* at 71.

With respect to the issue of responsibility, the Court of Appeals held that, under the last injurious exposure rule, SML would be liable for claimant's disability if it were found that the conditions at SML were of the type that could have caused the disease, even though, because of the latency period of mesothelioma, SML could not have been the actual cause of the disease. *Id.* at 74. Thus, the court remanded the case to the Board to determine whether such conditions existed at SML. We allowed SML and SAIF's petition for review.

SML and SAIF argue that the Court of Appeals erred in applying the last injurious exposure rule to impose responsibility on an Oregon employer for a disease caused

---

(exclusion of partners from workers' compensation coverage). In 1989, claimant and his wife sold the business, and it was renamed SML. Claimant continued to work at SML as an employee. SML later was declared to be a noncomplying employer, and SAIF became SML's statutory claims processing agent pursuant to ORS 656.054.

solely by noncovered employment—that is, employment not subject to the Oregon Workers' Compensation Act. Moreover, they argue that the last injurious exposure rule was not intended to impose responsibility on an employer whose working conditions were capable of causing the type of disease sustained by a claimant but which, in fact, could not have been the actual cause of that claimant's disease.

■ In the evidentiary and procedural posture in which this case reaches us, we are required to address only one question: whether the last injurious exposure rule can place responsibility on an employer whose working conditions are capable of causing the claimant's disease, but who has proved that, in fact, those conditions did not cause the claimant's disease. We hold that the last injurious exposure rule cannot impose responsibility on an employer who has proved that it could not have been the cause of a claimant's occupational disease.[3]

In *Roseburg Forest Products v. Long*, 325 Or 305, 313, 937 P2d 517 (1997), this court stated:

> "[U]nder this court's prior precedents, once compensability is established, an employer that otherwise would be responsible under the last injurious exposure rule may avoid responsibility if it proves either: (1) that it was impossible for conditions at its workplace to have caused the disease in this particular case or (2) that the disease was caused solely by conditions at one or more previous employments."

The court held that the foregoing aspect of the last injurious exposure rule applies in the context of a dispute over responsibility between or among successive insurers of a single employer. *Id.* at 314.

■ That principle also applies in the context of an initial workers' compensation claim made against a single employer. Under the last injurious exposure rule, the employer that otherwise would be held responsible for a

---

[3] Because of that ruling, the second question that is tendered to us, *viz.*, whether a claimant can be deemed to have suffered a compensable occupational disease when that disease was caused solely by "noncovered" employment, need not be addressed. Assuming, *arguendo*, that claimant's condition is "compensable," under *Roseburg Forest Products v. Long*, 325 Or 305, 937 P2d 517 (1997), SML cannot be held responsible for that condition.

claimant's occupational disease may avoid responsibility by proving that conditions of its employment could not have caused the disease or that previous employment was the sole cause of the disease. *See Boise Cascade Corp. v. Starbuck*, 296 Or 238, 244-45, 675 P2d 1044 (1984) (last injurious exposure rule does not prevent an employer from proving that the claimant's disability was caused by another employment or was unrelated to employment).

In this case, the Board examined the medical evidence and found that it was impossible for any Oregon employer, which necessarily includes SML, to have contributed to the causation of claimant's condition. Thus, claimant's "exposure" at SML, while it may have been the "last," was not "injurious." Because the Board's finding to that effect was based on substantial evidence in the record, that finding is binding on this court on review. ORS 656.298(6); ORS 183.482(7) & (8); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). Under that finding, SML is not responsible.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is affirmed.