In the Matter of the Compensation of
Jon O. Norstadt, Claimant.

Jon O. NORSTADT,
*Petitioner,*

*v.*

MURPHY PLYWOOD/LIBERTY NORTHWEST
INSURANCE CORPORATION;
Douglas County Forest Products/Liberty Northwest
Insurance Corporation; Parkway Ford/Liberty Northwest
Insurance Corporation; Huffman & Wright/Liberty
Northwest Insurance Corporation;
and Able Temporary/Health Future Enterprises,
*Respondents.*

(94-10782, 94-10781, 94-10773, 94-10774,
94-05124; CA A93457)

945 P2d 654

Brian L. Pocock for respondent Murphy Plywood/Liberty Northwest Insurance Corporation's petition.

David O. Wilson for respondents Douglas County Forest Products/Liberty Northwest Insurance Corporation's and Parkway Ford/Liberty Northwest Insurance Corporation's petition.

Patricia Nielsen and Mannix, Nielsen & Crawford, P.C., *contra*.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

.

## LEESON, J.

Respondents Liberty Northwest Insurance Corporation and its insureds, Douglas County Forest Products, Parkway Ford and Murphy Plywood, seek reconsideration of our opinion in this case. *Norstadt v. Murphy Plywood*, 148 Or App 484, 941 P2d 1030 (1997). In our opinion, we held that an insurer that fails to comply with the disclaimer requirement of ORS 656.308(2) (1990) loses the defense of no responsibility. Because none of claimant's past employers insured by Liberty Northwest properly disclaimed responsibility for the claim, we remanded the case to the Workers' Compensation Board to determine how responsibility should be assigned among the improperly disclaiming employers.

On July 3, 1997, the Supreme Court decided *Beneficiaries of Strametz v. Spectrum Motorwerks*, 325 Or 439, 939 P2d 617 (1997), holding that the last injurious exposure rule cannot place responsibility on an employer whose working conditions were *capable* of causing the claimant's disease, but who has established that *in fact* those conditions did not cause the claimant's disease. We allow reconsideration to consider the effect of the Supreme Court's opinion and to correct a factual misstatement in our opinion.

In our opinion we said:

> "Substantial evidence supports the Board's findings that DCFP/LUA is not a party to this proceeding and that the earlier and later periods of employment *with DCFP* did not independently contribute to claimant's condition."

*Norstadt*, 148 Or App at 488 (emphasis supplied). In their petitions for reconsideration, respondents correctly point out that the emphasized portion is a misstatement. The Board found that periods of employment before and after DCFP/LUA did not independently contribute to claimant's condition. The significance of those findings is that claimant's periods of employment with each of the petitioning Liberty employers did not independently contribute to claimant's condition.

In our opinion, we relied on the 1990 version of ORS 656.308(2) to conclude that the Liberty employers nonetheless are precluded from denying responsibility for the claim. That statute provided, in part:

"Any employer or insurer which intends to disclaim responsibility for a given injury or disease claim on the basis of an injury or exposure with another employer or insurer shall mail a written notice to the worker as to this position within 30 days of actual knowledge of being named or joined in the claim. The notice shall specify which employer or insurer the disclaiming party believes is responsible for the injury or disease. The worker shall have 60 days from the date of mailing of the notice to file a claim with such other employer or insurer. Any employer or insurer against whom a claim is filed may assert, as a defense, that the actual responsibility lies with another employer or insurer, regardless of whether or not the worker has filed a claim against that other employer or insurer, if that notice was given as provided in this subsection."

We held that that version of the statute, without its 1995 amendments, was applicable to this case and further held that none of the Liberty employers had disclaimed responsibility for the claim properly. *Norstadt*, 148 Or App at 495. Consequently, we held, they are precluded from asserting as a defense that actual responsibility for the claim lies with another insurer or employer.

Our conclusion depended on application of the *procedural* requirements of the 1990 version of ORS 656.308(2): An employer that does not properly disclaim responsibility may not argue that it is not responsible for a claim. The Supreme Court's opinion in *Strametz* involved the last injurious exposure rule, not the procedural requirements of the 1990 version of ORS 656.308(2). The question in *Strametz* was whether, as a substantive matter, responsibility may be assigned to an insurer that has established that it was not the actual cause of the claimant's condition. The court's answer was "no." However, when an insurer is barred from asserting no responsibility as a defense, whether the actual cause of the condition is the work with the insurer's employer or with another employer is of no moment. Consequently, the Board's finding in this case, that claimant's periods of

employment with the Liberty employers did not contribute independently to his condition, does not affect our analysis. The Liberty employers are precluded by the 1990 version of ORS 656.308(2) from asserting that they are not responsible for the claim. We adhere to that holding in our original opinion.

Reconsideration allowed; opinion modified and adhered to as modified.