Argued and submitted October 21, 1997, reversed and remanded for reconsideration June 24, petition for review denied October 28, 1998 (327 Or 621)

In the Matter of the Compensation of
Tina M. Victoria, Claimant.

SAFECO INSURANCE COMPANY,
*Petitioner,*

*v.*

Tina M. VICTORIA,
Wilson-Heirgood Assoc.,
and SAIF Corporation,
*Respondents.*

(WCB Nos. 95-08855 and 95-08856; CA A96213)

963 P2d 83

Jerald P. Keene argued the cause and filed the brief for petitioner.

Charles R. Mundorff argued the cause and filed the brief for respondent Tina M. Victoria.

David L. Runner argued the cause and filed the brief for respondents Wilson-Heirgood Assoc. and SAIF Corporation.

Before De Muniz, Presiding Judge, and Deits, Chief Judge,* and Haselton, Judge.

DE MUNIZ, P. J.

---

* Deits, C. J., *vice* Richardson, S. J.

## DE MUNIZ, P. J.

Safeco Insurance (Safeco) seeks review of an order of the Workers' Compensation Board (Board) assigning it responsibility for claimant's bilateral arm condition. We review for errors of law, substantial evidence and abuse of discretion. ORS 656.298(7); ORS 183.482(7), (8). We reverse and remand for reconsideration.

In November 1994, claimant began suffering bilateral arm symptoms while working at Safeco doing repetitious computer input work. In February 1995, claimant left Safeco and took a job with a SAIF-insured employer (Wilson-Heirgood). Her duties there included typing, initially minimal in amount but increasing to a quarter of her time within two months and 40 percent by the time of the hearing.

When her symptoms "failed to improve following her job change," claimant sought treatment for the first time. On March 3, 1995, she filed a claim against Safeco. Physicians diagnosed bilateral overuse syndrome. Safeco and SAIF agreed that the claim was work related but disputed responsibility. Following the hearing, the administrative law judge (ALJ) found that claimant's attending physician, Dr. Layne, stated that claimant's symptoms first occurred during her Safeco employment but he "makes no conclusion regarding major causation." However, the ALJ found that Dr. Woolpert, an independent examiner, concluded the "major cause of claimant's condition is her work activity at Safeco." The ALJ added that Woolpert "acknowledged that claimant's arm complaints were caused in some part by her work at Wilson-Heirgood Insurance."

The ALJ found Woolpert's opinion persuasive and held that, because work at Safeco was the major contributing cause, Safeco was responsible for claimant's condition. Despite having found that the experts agreed that there was "contribution from the employment activities at both employers," the ALJ ruled that the last injurious exposure rule was not applicable because claimant proved that her prior employment was the "actual cause" of her condition. The Board affirmed without opinion.

■      On judicial review, Safeco contends that the Board erred in failing to apply the last injurious exposure rule (of responsibility). Specifically, Safeco argues that the Board erred in equating "major causation" with "actual causation." It contends that, unless "actual cause" is interpreted as meaning "sole cause," the purpose of the last injurious exposure rule would be thwarted. Claimant responds that the last injurious exposure rule should be restricted to cases where it is impossible to determine which employment was the major cause of a claimant's compensable injury.[1]

■      The last injurious exposure rule is both a rule of proof and a rule of assignment of responsibility. *Roseburg Forest Products v. Long*, 325 Or 305, 309, 937 P2d 517 (1997). Here, only the latter aspect of the rule is relevant, as both Safeco and SAIF agree that the claim is work related and the only dispute is responsibility.

     Claimant's assertion that the rule should be applied only to cases where it is impossible to determine which employment is the major contributing cause of a claimant's compensable injury is not apposite here, because it employs a principle of the last injurious exposure rule when it is used as a rule of proof. In *Willamette Industries, Inc. v. Titus*, 151 Or App 76, 82, 950 P2d 318 (1997), we explained that

> "[p]roof that the subsequent employment independently contributed to the current disability is required before the [last injurious exposure] rule of responsibility can be invoked defensively by the targeted employer."

■      Once the rule is invoked, proof of sole causation by the previous employment, or proof of impossibility by the more recent employment, is required to avoid responsibility. *Id.* at 82 n 4. The Board found claimant's work at Safeco to be the major contributing cause of her condition, but it also found that the experts agreed there was "contribution from

---

[1] SAIF agrees with claimant's argument on application of the last injurious exposure rule but also argues that we need not reach the substance of Safeco's challenge because it did not issue a notice of intent to disclaim responsibility within 30 days of receipt of claimant's claim, as required here, because under *Norstadt v. Murphy Plywood*, 148 Or App 484, 490-93, 941 P2d 1030, *on recons* 150 Or App 245, 945 P2d 654 (1997), the 1990 version of ORS 656.308(2) applies. However, because SAIF did not preserve that challenge below, we decline to address it here.

the employment activities at both employers." Thus, SAIF's insured was the last employer that could have caused claimant's arm condition. That is sufficient to invoke the last injurious exposure rule as a rule of responsibility, and the Board erred in not doing so.

Reversed and remanded for reconsideration.