Argued and submitted June 3, reversed and remanded for reconsideration on petition; affirmed on cross-petition November 4, 1998, petition for review denied March 23, 1999 (328 Or 365)

In the Matter of the Compensation of
Ronald E. Rogers, Claimant.

REYNOLDS METALS
and Cigna Insurance Company,
*Petitioners - Cross-Respondents,*

*v.*

Ronald E. ROGERS,
*Respondent,*

*and*

LIBERTY MUTUAL INSURANCE CO.,
*Respondent - Cross-Petitioner.*

(93-11544, 94-14661, 95-01825; CA A96634)

967 P2d 1251

Montgomery W. Cobb argued the cause and filed the briefs for petitioners - cross-respondents Reynolds Metals and Cigna Insurance Company.

Meagan A. Flynn argued the cause for respondent Ronald E. Rogers. With her on the briefs was Pozzi Wilson Atchison, LLP.

Alexander Libmann argued the cause for respondent - cross-petitioner Liberty Mutual Insurance Co.

Before Riggs, Presiding Judge pro tempore, and Landau and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■ Cigna Insurance Co. (Cigna), on behalf of its insured Reynolds Metals, seeks review of a Workers' Compensation Board (Board) order assigning it responsibility for claimant's right shoulder condition. Liberty Mutual (Liberty), which insured Reynolds Metals prior to Cigna, cross-petitions seeking review of the Board's order assessing a penalty and attorney fees. We review for substantial evidence and errors of law. ORS 183.482(8); ORS 656.298(7). We affirm in part and reverse in part on the petition and affirm on the cross-petition.

Claimant began working for Reynolds Metals in 1967 and stopped working there in November 1991. In 1979, while Liberty insured employer, claimant sought medical treatment from Dr. Manley for right shoulder pain. In a letter to Liberty, Manley diagnosed claimant's condition as degenerative osteoarthritis of the right shoulder joint.[1] Manley wrote that the condition was due to claimant's work. Liberty responded by returning the billings for the right shoulder treatment, stating that no claim had been made for the right shoulder. Manley replied, stating that claimant had sustained a new injury, and that his opinion remained that claimant's shoulder condition was work related. Liberty did not process Manley's request for payment as a workers' compensation claim.

Claimant continued working for Reynolds Metals, and he periodically complained of right shoulder ailments. In May 1990, claimant had a sudden onset of right shoulder pain and sought medical treatment. Cigna, employer's new insurer, accepted the claim as a disabling injury but did not specify what condition it accepted. In 1993, claimant again had a sudden onset of right shoulder pain and sought medical treatment. Manley requested authorization from Cigna for right shoulder surgery. In September 1993, Cigna denied that claimant's May 1990 injury was either the material or major cause of the proposed surgery. During a deposition of

---

[1] Manley provided a copy of the letter to employer's on-site physician. Thus, employer also had knowledge of the 1979 medical treatment.

Manley, Cigna and claimant first learned of the 1979 correspondence between Manley and Liberty. Based on this information, Cigna issued a second denial of compensability and also disclaimed responsibility for the right shoulder condition. Claimant then filed a hearing request against Liberty, alleging a *de facto* denial of the 1979 claim. In response, Liberty formally denied compensability and disclaimed responsibility for claimant's right shoulder condition. The administrative law judge (ALJ) set aside both compensability denials, assessed attorney fees against *both* insurers for setting aside the denials, found Cigna responsible, and assessed a penalty against Liberty for its unreasonable processing of the 1979 claim. The Board affirmed.

Both Cigna and Liberty argue that the Board erred in not dismissing the right shoulder claim because it was not timely filed with Liberty and because there was no timely request for a hearing. In addition, Cigna argues that the Board erred in assigning it responsibility for claimant's right shoulder condition. Liberty argues that the Board erred in assessing a penalty and attorney fees against it.

We first address the insurers' contention that the claim was not timely filed. In 1979, an occupational disease claim had to be filed within 180 days from the date a worker became disabled or was informed by a physician that he was suffering from an occupational disease. ORS 656.807(1) (1979).[2] Both insurers argue that no claim was filed with Liberty until 1994 and that claimant's 1994 request for a hearing was also untimely. In support of that argument, insurers rely on ORS 12.010 and ORS 12.140. ORS 12.010 provides:

"Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

ORS 12.140 provides:

---

[2] At that time, ORS 656.807(1) (1979) provided, in part:

"All occupational disease claims shall be void unless a claim is filed * * * within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease."

"An action for any cause not otherwise provided for shall be commenced within 10 years."

Relying on those statutes, insurers argue that claimant failed to timely request a hearing on Liberty's *de facto* denial. We disagree.

■■ Manley's submission of medical records and his billing constituted a workers' compensation claim. A claim is any written request for compensation tendered by the injured worker or by someone else on the worker's behalf. ORS 656.005(6). *See also Safeway Stores, Inc. v. Smith*, 117 Or App 224, 227, 843 P2d 1000 (1992) (a physician's report requesting medical treatment for a specified condition constitutes a claim). Thus, a claim for compensation was timely filed with Liberty and with Reynolds Metals when each received Manley's records and reports. The fact that neither Liberty nor Reynolds Metals processed the 1979 claim does not mean that the claim was not timely filed.

■■ Insurers' argument is further deflated by the fact that ORS 12.140 does not apply to workers' compensation claims. Instead, the Workers' Compensation Act is the "complete statement of the parties' rights and obligations, and they are *sui generis*." *Haret v. SAIF*, 72 Or App 668, 674, 697 P2d 201, *rev den* 299 Or 313 (1985). ORS 12.140 states that an *action* must be commenced within 10 years. ORS 12.020(1) provides that an action is commenced when a complaint is filed and summons served on a defendant. *See also* ORCP 3 (*action* is commenced by the filing of a complaint with the clerk of the court). In contrast, a workers' compensation claim is not an action. No complaint is ever filed with the clerk of the court when a workers' compensation claim is made. Rather, a notice of a claim is filed with the employer. ORS 656.265(1). There is no service of a summons on the "defendant" because there is no defendant in a workers' compensation case. Accordingly, claimant's 1994 request for hearing, alleging a *de facto* denial, was timely because Liberty had not issued a written denial. *Bebout v. SAIF*, 22 Or App 1, 5 n 1, 537 P2d 563, *aff'd* 273 Or 487 (1975) (insurer has an obligation to formally deny a claim when they have actual knowledge of it). While there is a time limitation to file a request for hearing on a written denial, ORS 656.319(1),

there is no similar time limitation to file a request for hearing on a *de facto* denial. ORS 656.283(1)[3] provides that a party can file a request for hearing at any time on any matter concerning a claim.

■ Next, Cigna argues that the Board erred in assigning it responsibility for claimant's right shoulder condition because ORS 656.308(1) relieves an employer of responsibility when the employee is injured again. That statute provides, in part:

> "When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition."

Cigna argues that because the Board found that claimant sustained a compensable injury in 1979, while Liberty insured employer, Liberty remains responsible for claimant's condition. We disagree. ORS 656.308(1) does not apply in this situation. The statute applies only where there is a previously accepted compensable injury. In *SAIF v. Yokum*, 132 Or App 18, 23, 887 P2d 380 (1994), we held:

> "On its face, [ORS 656.308(1)] addresses the issue of when a responsible employer can shift responsibility to a subsequent employer. It begins from the premise that there is an employer that is responsible to pay for a particular compensable condition. There is no responsible employer until there is an accepted claim and a determination of responsibility, if there is more than one potentially responsible employer. Thus, for the statute to be triggered, there must be an accepted claim for the condition, for which some employer is responsible. In an initial claim context, no employer is responsible until responsibility is fixed."

*See also Norstadt v. Murphy Plywood*, 148 Or App 484, 493, 941 P2d 1030, *on recons* 150 Or App 245, 945 P2d 654 (1997),

---

[3] ORS 656.283(1) provides, in part:

"Subject to ORS 656.319, any party * * * may at any time request a hearing on any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute, including ORS 656.245, 656.248, 656.260, 656.327 and subsection (2) of this section."

*rev den* 327 Or 432 (1998) (ORS 656.308(1) is limited to claims involving previously processed claims).

 Cigna also argues that the Board improperly assigned it responsibility under the last injurious exposure rule (LIER). There are, at least, two aspects of LIER: (1) proof of a compensable claim, and (2) assignment of liability between insurers. *Bracke v. Baza'r*, 293 Or 239, 245, 646 P2d 1330 (1982). LIER allows the injured worker to establish compensability based on all employment-related exposure without proving causation against any particular employer or insurer. Once it is established that a condition is work related, the rule assigns initial responsibility to the last period of employment whose conditions might have caused the disability. *Boise Cascade Corp. v. Starbuck*, 296 Or 238, 244, 675 P2d 1044 (1984). The "onset of disability" is the triggering date for determining which employment is the last potentially causal employment. *Bracke*, 293 Or at 248. If the injured worker receives medical treatment before experiencing time loss due to the condition, then the date of first medical treatment is determinative for assigning initial responsibility for the claim. *Timm v. Maley*, 125 Or App 396, 401, 865 P2d 1315 (1993), *rev den* 319 Or 81 (1994). The last insurer can transfer liability to a previous insurer by establishing that it was impossible for its employer to have caused the condition or that a prior period of employment was the sole cause of the condition. *Roseberg Forest Products v. Lang*, 325 Or 305, 313, 937 P2d 517 (1997). Alternatively, the initially responsible insurer can transfer liability to a subsequent insurer by establishing that the subsequent employment actually contributed to a worsening of the condition. *Oregon Boiler Works v. Lott*, 115 Or App 70, 74, 836 P2d 756 (1992). However, in order to shift responsibility to a subsequent insurer, the injured worker must suffer a worsening of the condition; a mere increase in symptoms is not sufficient. *Boise Cascade*, 296 Or at 243; *Timm v. Maley*, 134 Or App 245, 249, 894 P2d 1245 (1995); *Oregon Boiler Works*, 115 Or App at 74.[4]

---

[4] We recognize the apparent inconsistency concerning LIER. The rule does not always assign liability to the last employer or insurer. The operation of the rule is "somewhat arbitrary." *Bracke*, 293 Or at 249. The rule is still useful, and its application consistent. Any employer can prove that its work environment could not

■ Claimant first sought medical treatment in 1979, while Liberty insured Reynolds Metals. Therefore, initial responsibility is assigned to Liberty. In order to shift responsibility to Cigna, there must be evidence that claimant's condition worsened while Cigna insured Reynolds Metals. The problem is that neither the ALJ nor the Board determined whether the medical evidence established that claimant's shoulder condition worsened. Rather, the ALJ and the Board applied the test discussed in *Beneficiaries of Strametz v. Spectrum Motorwerks*, 135 Or App 67, 74, 897 P2d 335, *mod* 138 Or App 9, 906 P2d 825 (1995). The Supreme Court subsequently reversed our decision in *Strametz*. 325 Or 439, 939 P2d 617 (1997). Accordingly, it is necessary to remand this case to the Board for reconsideration under the correct standard and such proceedings as the Board deems necessary.[5]

■ We turn next to Liberty's cross-petition for review. Liberty argues that the Board erred in assessing a penalty under ORS 656.262(11) for unreasonable claim processing. Liberty argues that ORS 656.319(6) bars a claim for unreasonable claim processing that is more than two years after the fact. ORS 656.319(6) provides:

"A hearing for failure to process or an allegation that the claim was processed incorrectly shall not be granted unless the request for hearing is filed within two years after the alleged action or inaction occurred."

That language was enacted by the 1995 Legislature. Or Laws 1995, ch 332, § 39. Generally, the 1995 amendments to the Workers' Compensation Act were retroactive. *Volk v. America West Airlines*, 135 Or App 565, 572-73, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996). However, there are exceptions to the retroactive effect of the 1995 amendments. Oregon Laws 1995, chapter 332, section 66(6) provides:

---

possibly have been the cause of the condition or that the condition was caused solely by a prior period of employment. Thus, the last employer can shift responsibility backwards. Likewise, an employer who is initially assigned responsibility based on the "onset of disability" can shift responsibly forward by establishing that a subsequent period of employment caused a worsening of the injured worker's condition.

[5] There is medical evidence from Manley in the record that claimant's condition worsened while Cigna insured employer. However, there is also medical evidence in the record indicating that claimant's condition had not worsened. The Board must resolve this dispute in the first instance.

> "The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not extend or shorten the procedural time limitations with regard to any action on a claim taken prior to the effective date of this Act."

■ The requests for hearing filed on Liberty's denials were filed before the effective date of ORS 656.319(6). At the time of filing, there was no time limitation on requesting a hearing concerning a penalty before the enactment of ORS 656.319(6). Accordingly, it follows that ORS 656.319(6) shortened a procedural time limit and, thus, cannot apply retroactively. *See Boone v. Wright*, 314 Or 135, 141, 836 P2d 727 (1992) (a statute that shortens a limitation period applies prospectively if the legislature does not clearly express a contrary intent). The Board correctly held that ORS 656.319(6) does not apply to this case. We agree with the Board that Liberty and Reynolds Metals acted unreasonably in processing the 1979 claim.

Liberty's final assignment concerns the assessment of attorney fees under ORS 656.386(1). Liberty concedes that if the 1979 claim was timely then the award of attorney fees was proper. Because we conclude that the Liberty claim was timely, we affirm the award of attorney fees for prevailing on Liberty's compensability denial.

Reversed and remanded for reconsideration on the petition; affirmed on the cross-petition.