No. 595 July 2, 2025 629

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Robert Reed, Sr.,
Claimant.

ROBERT REED, SR.,
*Petitioner,*

*v.*

HELMSMAN MANAGEMENT SERVICES, INC.,
and Safway Services, LLC,
*Respondents.*
A181258

Argued and submitted September 13, 2024.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was the Law Offices of Jodie Anne Phillips Polich, P. C.

Andrew Bledsoe Evenson argued the cause for respondents. On the brief was Rebecca A. Watkins.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Claimant seeks review of an order of the Workers Compensation Board (the Board) that denied his request for compensation for an occupational disease. Specifically, claimant assigns error to the Board's conclusion that his wrist condition was not compensable as an occupational disease under the Last Injurious Exposure Rule (LIER). Because we conclude that the evidence was sufficient for the Board to find that claimant's current work conditions did not contribute to his condition, we affirm.

Claimant testified that he originally injured his wrist in a work-related incident in 1989.[1] In 1991, he experienced wrist pain from "crabbing activities."[2] Claimant had surgery on his wrist in 1991 and x-rays showed a "nonunion of the scaphoid." Claimant began working for employer in 2009. The bulk of his duties included bolting and unbolting of industrial scaffolding. In 2016, claimant suffered a compensable injury—a nondisabling right middle finger contusion—while with employer. Shortly thereafter, he experienced worsening of his wrist condition and filed for compensation for his wrist. For the purposes of this claim, claimant argued both that the progression of his current wrist condition was caused by that compensable finger injury, and alternatively that his work for his current employer contributed to the worsening of his prior work injury, thus establishing employer's responsibility for the claim under LIER.

Dr. Gomez-Leonardelli testified at the hearing for employer. He had performed an independent medical examination of claimant and diagnosed claimant with right wrist scaphoid nonunion with subsequent scaphoid nonunion advanced collapse (SNAC). He opined that that the scaphoid nonunion from the 1991 surgery was the major contributing cause of the SNAC. He also stated that the 2016 injury was not causally related to the progression of the wrist condition. He concluded that he could not support claimant's

---

[1] Claimant did not provide evidence of an actual employer in 1989 but did testify that the injury in 1989 was work-related.

[2] The record is unclear whether the crabbing activities were work-related, but for the purposes of our disposition we will assume that they were.

current work duties for employer as a contributing factor to the progression of claimant's SNAC. Claimant did not provide expert witness testimony.

The ALJ concluded first that claimant's current employment was not a contributing factor to his SNAC progression. The ALJ then rejected claimant's LIER argument, noting that Dr. Gomez-Leonardelli's opinion did not support the claim and that his opinion was unrebutted by any evidence offered by claimant. On review, the Board affirmed the ALJ's ruling. The Board first found that, even assuming that the injury in 1989 was work-related, the record did not sufficiently establish that there were any other contributors besides the 1989 injury. As such, the Board concluded that the wrist condition was best characterized as a "consequence" of the 1989 injury, rather than an occupational disease. Finally, the Board rejected claimant's alternative argument regarding the LIER, stating "claimant has not established that employment conditions at more than one employment is the major contributing cause of his [condition]."

Claimant now raises a single assignment of error, challenging the conclusion by the Board that the LIER does not apply. Under ORS 183.482(8)(a) and (c), we review factual determinations of the Board for substantial evidence, and we review legal conclusions for errors of law.

To receive benefits for an occupational disease, a "worker must prove that employment conditions were the major contributing cause of the disease." ORS 656.802(2)(a). The LIER is a rule of proof and assignment of responsibility that "imposes full responsibility on the last employer, from the time of the onset of the disability, if the claimant was exposed there to working conditions that could have caused the type of disease suffered by the claimant." *Roseburg Forests Products v. Long*, 325 Or 305, 309, 937 P2d 517 (1997). The LIER absolves the claimant of having to prove the degree to which exposure to disease-causing conditions at a particular employment actually caused the disease. *Id.* However, "the [LIER] is not intended to transfer liability from an employer whose employment caused a disability to a later employer whose employment did not." *Boise Cascade v. Starbuck*, 296 Or 238, 241, 675 P2d 1044 (1984). That is, an

employer may prove that a claimant's disability was caused by a different employment or that the disability did not arise from a work-related injury in order to defeat a claim under the LIER. *Id.*

The Board concluded that claimant failed to establish that "employment conditions at more than one employment is the major contributing cause of his right wrist condition." Claimant argues that the expert opinion provided by employer established that work-related activities after the 2016 finger injury at his current employer contributed to his SNAC progression. We disagree. Dr. Gomez-Leonardelli's opinion was unequivocal that the progression of claimant's SNAC was exclusively related to the failed healing of the bones, and the subsequent change in motion that would develop in those circumstances. He also testified that he could not state with a reasonable degree of medical certainty that claimant's work-related activities were contributing to his condition. While Dr. Gomez-Leonardelli did acknowledge that it was *possible* that work-related activities could exacerbate claimant's condition, he stated "it is my opinion as a board-certified surgeon that this represents the natural progression of his disease both radiographically and symptomatically and just happened to contemporarily occur [within 60 days of his filing his claim]." He abstained from opining on whether the "hand-intensive nature" of claimant's work contributed to claimant's SNAC progression because he did not have access to the imaging of claimant's wrist from when he started working for employer to make appropriate comparisons. The board's finding that claimant had not met his burden of proving that employment conditions at more than one employment was the major contributing cause of his right wrist condition was supported by substantial evidence.

In sum, because we find that the Board had substantial evidence to support its finding that claimant's current work conditions did not contribute to the progression of his underlying wrist condition, we conclude that the Board did not commit legal error in concluding that the LIER did not apply to claimant's claim.

Affirmed.