Argued and submitted June 15, motion to dismiss denied; reversed and remanded for reconsideration of responsibility December 22, 1993, reconsideration denied April 6, petition for review denied May 10, 1994 (319 Or 81)

In the Matter of the Compensation of
Anne M. Maley, Claimant.

Steven E. TIMM, D.M.D.,
*Petitioner,*

*v.*

Anne M. MALEY;
SAIF Corporation; SAIF Corporation (NCE);
and CNA Insurance Companies,
*Respondents.*

(WCB 91-09137, 90-06629, 91-03931, 91-02379;
CA A77804)

865 P2d 1315

James L. Edmunson argued the cause for petitioner. With him on the brief was Neil R. Bryant.

David W. Hittle argued the cause and filed the brief for respondent Anne M. Maley.

Steven Cotton, Special Assistant Attorney General, argued the cause for respondent SAIF Corporation (NCE). With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Jerald P. Keene argued the cause for respondent SAIF Corporation. With him on the brief were Darren L. Otto and Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C.

Charles L. Lisle argued the cause for respondent CNA Insurance Companies. With him on the brief were Gene Platt and Cummins, Brown, et al.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

ROSSMAN, P. J.

Steven E. Timm, D.M.D., the noncomplying employer (Timm (NCE)), seeks review of an order of the Workers' Compensation Board, contending that the Board erred in concluding that SAIF, acting in its capacity as processing agent for Timm (NCE), (SAIF (NCE)), is responsible for claimant's compensable occupational disease, rather than CNA Insurance Companies, which insured Timm before Timm became noncomplying.

Because the hearing in this case was convened on June 20, 1990, the law in effect before the 1990 amendments to the Workers' Compensation Law applies. Or Laws 1990 (Special Session), ch 2, § 54(2).

■ Beginning October, 1986, Timm was insured by CNA. From March 18, 1988, through September 22, 1988, Timm was noncomplying. Beginning September 23, 1988, SAIF insured Timm. Initially, we deny SAIF's motion, made in its capacity as Timm's insurer following the period of noncompliance, that the petition should be dismissed because Timm (NCE) did not serve the Attorney General, as required by ORAP 4.15(5)(b). The record shows service on an assistant attorney general on behalf of SAIF (NCE). That is sufficient to comply with the requirement of ORAP 4.15(5)(b).

Claimant has a history of back injuries, not work related. From October, 1983, to May, 1989, she worked for Timm on and off as a dental technician. In July, 1987, claimant developed significant pain and numbness in her left leg and foot. On September 25, 1987, she began receiving treatment from Dr. Mann, an osteopath. He diagnosed hypermobile left sacroiliac with chronic left sacroiliac ligament sprain and secondary low back tightness. He believed that claimant's condition was probably exacerbated by her work as a dental technician. Claimant's condition gradually worsened.

On May 16, 1988, Mann recommended that claimant reduce her work hours. Beginning in mid-May, claimant worked part time because of her back condition. On June 14, 1988, claimant filed a claim with Timm. During July, claimant was off work entirely because of her back.

CNA denied the claim on the grounds that the claim had not been timely filed and that CNA was not the insurer at the time of the injury. The Department of Insurance and Finance (DIF) issued an order that Timm was a noncomplying employer, which Timm did not contest. It forwarded the claim to SAIF for processing by SAIF on behalf of Timm (NCE). Claimant requested a hearing on CNA's denial.

On June 28, 1989, the referee issued an order stating that the parties had resolved the claim and that SAIF (NCE) had agreed to accept it. The claim against SAIF (NCE) was closed by a determination order dated September 26, 1989. The order showed the "date of injury" as September 25, 1987, and awarded claimant temporary partial disability, "less any time worked," from September, 1987, through August 9, 1989, and 13 percent permanent partial disability. No party appealed the determination order, and it became final.

Timm (NCE) filed a request for hearing, challenging the compensability of the claim and the assignment of responsibility to SAIF (NCE). Timm (NCE) moved to join CNA as a necessary party. The Board, in affirming the referee, held that the claim is compensable and assigned responsibility to SAIF (NCE).

■■ The only question on review is responsibility. Timm (NCE) contends that the unappealed September, 1989, determination order conclusively established that claimant actually became disabled in September, 1987, while Timm was insured by CNA, and that CNA is therefore responsible. The order lists the date of injury as September 25, 1987, and awards temporary partial disability beginning September, 1987, less any time worked. Assuming that the date of injury stated in the order could have any bearing on this occupational disease claim, it has no necessary relationship to the date of disability, and is not dispositive with respect to when claimant actually became disabled. Also, the fact that the order makes an award of temporary partial disability from a specific date does not resolve the question of when claimant actually became disabled, in light of the fact that the award is expressly limited to those periods when claimant was not working, but does not specify what those dates were.

■ Timm (NCE) contends, further, that claimant's condition is the responsibility of CNA because claimant received treatment for the condition while Timm was insured by CNA. Citing *Bracke v. Baza'r*, 293 Or 239, 646 P2d 1330 (1982), the Board stated the general principle that the date of disability, rather than the date of the first medical treatment, determines which employer is responsible. In *Bracke*, the claimant was employed by successive employers as a meat cutter. Her last employer was Thriftway. During her previous employment with Baza'r, she began to experience asthmatic symptoms which disabled her and for which she sought medical care. After leaving Baza'r and becoming employed by Thriftway, the claimant's condition was diagnosed as "meat packer's asthma." The claimant filed claims against each of her employers, including Baza'r and Thriftway. Thriftway was assigned responsibility for the claim, as the employer who could have caused the condition; as a practical matter, however, responsibility could not be assigned to Thriftway, because the claimant had not appealed its denial of the claim. The Supreme Court held that the claimant proved that her employment at Baza'r had actually caused the condition and that the condition had resulted in disability while she was employed at Baza'r. Accordingly, the court held that Baza'r could not shift responsibility to a subsequent employer by showing that the subsequent employment "could have" contributed to the condition.

In discussing the application of the last injurious exposure "rule of liability" in the context of an occupational disease, the Supreme Court said:

"Under the last injurious exposure rule of assignment of liability in cases of successive employment, each of which has contributed to the totality of the disease, the potentially causal employer at the time disability occurs is assigned liability for the cumulative whole.[4]

---

"[4] Arguably, given the wording of ORS 656.005(8),[1] above, the date when symptoms necessitate medical treatment could also be deemed a triggering date for liability or a

---

[1] At the pertinent time, the definition of "compensable injury" was contained in ORS 656.005(8), and included the language, now in ORS 656.005(7), that a compensable injury "arises out of and in the course of employment requiring medical services or resulting in disability[.]"

substitute for proof of causation. Because claimant suffered disabling symptoms when she first sought medical treatment, we need not examine the effect to be given to the date of first treatment." 293 Or at 248.

As the Supreme Court's footnote suggests, because the claimant in *Bracke* was disabled at the time she first sought medical treatment, there was no reason for the court to consider how initial responsibility for the claim might have been assigned had the claimant experienced a need for medical treatment before leaving work due to the condition. However, we have addressed that question in at least three cases: *SAIF v. Luhrs*, 63 Or App 78, 663 P2d 418 (1983); *SAIF v. Harris*, 63 Or App 256, 663 P2d 1307, *rev den* 295 Or 730 (1983); and *SAIF v. Gupton*, 63 Or App 270, 663 P2d 1300 (1983). The rule to be drawn from those decisions is that, if a claimant receives treatment for a compensable condition before experiencing time loss due to the condition, the date that the claimant first began to receive treatment related to the compensable condition is determinative for the purpose of assigning initial responsibility for the claim, unless the subsequent employment contributes independently to the cause or worsening of the condition.

■      Because it held that the date claimant first left work was dispositive for the purpose of assigning responsibility for the claim, the Board did not decide expressly when claimant's treatments became compensable or whether claimant's employment subsequent to her first compensable treatment contributed independently to the cause of the condition. We remand to the Board for it to make that determination.

Motion to dismiss denied; reversed and remanded for reconsideration of responsibility.