Argued and submitted April 22, reversed September 18, 1996

In the Matter of the Compensation of
Kathleen L. Likos, Claimant.

UNITED PARCEL SERVICE,
Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Kathleen L. LIKOS,
McLellan/SAIF Corporation,
Old Peak Construction/SAIF Corporation,
*Respondents.*

(WCB 94-08968, 94-06781, 94-03441; CA A89647)

924 P2d 857

Richard D. Barber, Jr. argued the cause for petitioners. With him on the brief was Bostwick, Sheridan & Bronstein.

James L. Edmunson argued the cause for respondent Kathleen L. Likos. On the brief were Thomas Cary and Coons, Cole, Cary & Wing, P.C.

Deborah Sather argued the cause for respondents McLellan Temporaries/SAIF Corporation. With her on the brief was Stoel Rives LLP.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents Old Peak Construction/SAIF Corporation. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

United Parcel Service (UPS) and its insurer Liberty Northwest Insurance Corporation (Liberty) seek review of an order of the Workers' Compensation Board (Board) holding that UPS is responsible for claimant's work-related carpal tunnel syndrome. We agree with UPS that the Board erred in assigning it responsibility for the claim and reverse the Board.

From 1985 to 1987, claimant worked for UPS, where her work involved lifting heavy boxes. She suffered a compensable but nondisabling left shoulder injury that Liberty accepted on behalf of UPS. That injury is not at issue here. From 1987 to 1993, claimant was self-employed at Genesis Services; as a sole proprietor, she chose not to be subject to the Workers' Compensation Act or to obtain coverage for her own possible injuries. In July 1991, claimant saw Dr. Honeyman, a chiropractor, for right shoulder, arm and hand symptoms that Honeyman diagnosed as thoracic outlet syndrome and "probable carpal tunnel syndrome." In 1993, claimant worked for McLellan Temporaries and then Old Peak Construction, both insured by SAIF Corporation. In 1993, claimant sought treatment from Honeyman for right wrist pain. Honeyman referred claimant to a specialist who diagnosed carpal tunnel syndrome.

Because claimant has had multiple periods of employment, more than one of which provided conditions that could have caused her carpal tunnel syndrome, she sought to establish the compensability of her claim through the last injurious exposure rule. *Bracke v. Baza'r*, 293 Or 239, 646 P2d 1330 (1982). Under that rule, the last employer whose employment could have materially contributed to a worsening of the claimant's condition is responsible for the condition. *Id.* at 244.

As pointed out in *Bracke*, reference to the rule as if it were a single concept is somewhat misleading. There are at

least two aspects of the last injurious exposure rule: proof of the claim and assignment of liability. *Id.* at 245 & n 1. As a rule of proof, the rule operates to relieve the claimant of the burden of proving actual medical causation as against any particular employer or insurer, *id.* at 246, and instead assigns liability for the claim to the carrier on the risk during the last period of potentially causal employment before the date of disability. *Id.* at 248. Potentially causal employment is employment involving conditions that could cause the claimed condition over some indefinite period of time. *Fossum v. SAIF*, 293 Or 252, 256, 646 P2d 1337 (1982). The date of disability is the date on which the claimant becomes disabled by the condition or, if not disabled, first receives medical services for the condition. *Timm v. Maley*, 125 Or App 396, 865 P2d 1315 (1993), *rev den* 319 Or 81 (1994); *United Pacific Insurance Co. v. Harris*, 63 Or App 256, 260, 663 P2d 1307, *rev den* 295 Or 730 (1983). The date of disability is significant additionally because it is considered to be the date on which the right to benefits accrues. As the Supreme Court said in *Bracke*, it is "the decisive event for fixing liability." 293 Or at 247.

Purporting to apply the last injurious exposure rule, the Board considered all of claimant's work history, including her period of self-employment, for the purpose of determining whether her condition is work related. The Board found that claimant's carpal tunnel syndrome is related to her employment. The Board then said:

> "Within the context of this case, that satisfies claimant's burden of proof regarding *compensability*. The question then becomes one of responsibility." (Emphasis supplied.)

Assuming that the condition is compensable because it is work related, the Board then discussed the question of assignment of initial responsibility for the claim.

The Board found that claimant first sought medical treatment for her condition in 1991, while she was self-employed at Genesis Services. The last injurious exposure

rule would ordinarily require assignment of initial responsibility for the claim to that employer. *Timm*, 125 Or App at 401. However, relying on *Fossum*, *Bracke*, and *Progress Quarries v. Vaandering*, 80 Or App 160, 722 P2d 19 (1986), the Board held that, because Genesis Services was not a subject employer, the claim could not be attributed to it and responsibility should be assigned to UPS, the next most recent employment with potentially causal conditions before the onset of disability.

■■    We agree with the Board that all of claimant's potentially causal employments, including her period of self-employment with Genesis Services, should be considered for the purpose of determining whether her condition is work related. *Beneficiaries of Strametz v. Spectrum Motorwerks*, 135 Or App 67, 897 P2d 335, *on recon* 138 Or App 9, 906 P2d 825 (1995), *rev allowed* 323 Or 153 (1996); *Silveira v. Larch Enterprises*, 133 Or App 297, 891 P2d 697 (1995). Substantial evidence supports the Board's findings that claimant's disability arose during her period of self-employment and that the condition is work-related. However, we disagree with the Board's conclusion that UPS is responsible for it. Genesis Services, the employment at which claimant's disability arose and the last potentially causal employment, is the employment at which claimant's right to benefits, if any, accrued. *Bracke*, 293 Or at 248. The evidence supports the Board's findings that claimant's subsequent employments at McLellan Temporaries and at Old Peak Construction did not contribute to claimant's condition. Under the last injurious exposure rule of proof, claimant would have met her burden to establish that her claim is compensable and the responsibility of Genesis Services if Genesis Services had been a subject employer. Claimant is not entitled to receive compensation, however, because Genesis Services, the last potentially causal employment before claimant sought medical treatment and at which claimant's claim accrued, was not subject to the Workers' Compensation Law. *Compare Beneficiaries of Strametz*; *Bennett v. Liberty Northwest Ins. Corp.*,

128 Or App 71, 78, 875 P2d 1176 (1994).[1] Accordingly, the Board erred in assigning responsibility to UPS.

Reversed and remanded for reconsideration.

---

[1] Claimant relies on *Progress Quarries* to support her view that if initial responsibility under the last injurious exposure rule of proof would fall on a non-subject employer, then the next previous potentially causal employer is deemed responsible. In *Progress Quarries*, the insurer that had been held responsible for the claim asserted that a subsequent employer, not in Oregon, was the last potentially causal employment before treatment had been sought, and that before the Oregon employer could be held responsible for the claim, the claimant must establish that benefits had been sought from the out-of-state employer. *Progress Quarries* is distinguishable. There, the claimant did not rely on the subsequent out-of-state employment to establish that the condition was work related; the out-of-state employment was offered defensively by the last potentially causal Oregon employer. We rejected the defense, stating that "[t]he basic overall fairness [of the last injurious exposure rule] can be achieved only if application of the rule remains under control of the Oregon workers' compensation system. * * * [O]nly if the Oregon employment environment is injurious and a potential cause of the disease can the claimant be entitled to compensation under the rule of proof aspect of the doctrine." *Id.* at 166.