Argued and submitted October 3, 1996; resubmitted In Banc September 4, affirmed October 15, 1997, petition for review allowed February 10, 1998
(326 Or 464)

In the Matter of the Compensation of
Gary L. Brenner, Claimant.

DEAN WARREN PLUMBING
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Gary L. BRENNER,
Fullman Company and
Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB Nos. 94-05388, 94-02694, 94-02693, 94-02692;
CA A92294)

946 P2d 356

Patricia Nielsen argued the cause for petitioners. With her on the brief was Mannix, Nielsen, Yunker & Crawford, P.C.

Gordon S. Gannicott argued the cause for respondent Gary L. Brenner. With him on the brief were David J. Hollander and Hollander, Lebenbaum and Gannicott.

Ian Harrasser, Certified Law Clerk, argued the cause for respondents Fullman Company and Liberty Northwest Insurance Corporation. With him on the brief was Alexander D. Libmann.

DEITS, C. J.

Warren, J., dissenting.

**DEITS, C. J.**

Employer Dean Warren Plumbing (Dean Warren)[1] seeks review of an order of the Workers' Compensation Board granting claimant an award of attorney fees of $3,500, pursuant to ORS 656.307(5), for claimant's attorney's representation before an administrative law judge (ALJ) in a responsibility proceeding under ORS 656.307. Dean Warren argues that the Board erred because the fee award exceeded $1,000, the maximum allowable award of fees under ORS 656.308(2)(d). We affirm.

In March 1989, claimant injured his knee while working for employer Fullman Company (Fullman).[2] The claim was accepted by Fullman as a lateral meniscal tear of the left knee. It was closed by a determination order in 1991. Claimant was awarded no permanent disability for this injury. In January 1992, by stipulated settlement, claimant's scheduled disability for his left knee was increased by 7.5 percent.[3] In March 1992, claimant entered a claims disposition agreement with Fullman releasing his rights to any further workers' compensation benefits for that injury except for medical services.

Claimant started working for Dean Warren as a plumber in 1992. In late 1993, he began experiencing pain in his left knee and eventually sought medical attention for the condition. He was diagnosed as having a medical meniscal tear of the left knee. Claimant filed a workers' compensation claim against Dean Warren in February 1994. Dean Warren agreed that claimant's condition was compensable but denied responsibility and requested the issuance of a "307" order,[4] naming Fullman as a potentially responsible employer. Fullman also agreed that claimant's condition was compensable,

---

[1] Petitioners on appeal are Dean Warren Plumbing and its insurer, Liberty Northwest Insurance Corporation. We refer to petitioners as Dean Warren.

[2] Fullman was also insured by Liberty Northwest Insurance Corporation. They appear as respondents in this case and concur in Dean Warren's argument that the limitations of ORS 656.308(2)(d) apply to the fee award before the ALJ in this case.

[3] Claimant had a previous award of 10 percent scheduled permanent disability for a 1986 injury to his left knee while working for another employer. That award has no relevance here.

[4] A "307" order is shorthand commonly used to refer to an order issued pursuant to ORS 656.307.

but denied responsibility. The Department, noting that both employers agreed that responsibility was the only issue, issued a "307" order designating Liberty Northwest as the paying agent for Fullman. On March 23, Fullman officially agreed that the condition was compensable, but denied responsibility.

Claimant filed requests for hearing against both Fullman and Dean Warren. After the hearing, the ALJ affirmed Fullman's denial and, concluding that Dean Warren was the responsible employer, set aside Dean Warren's denial. The ALJ also awarded claimant an attorney fee of $1,000 to be paid by Dean Warren based on her conclusion that the fee limitation in ORS 656.308(2)(d) was applicable. Shortly thereafter, however, the ALJ reconsidered the fee award on her own motion. She concluded, based on the Board's decision in *Dan J. Anderson*, 47 Van Natta 1929 (1995), that the limitations of ORS 656.308(2)(d) were not applicable and that, under ORS 656.307(5), claimant was entitled to an award of attorney fees of $3,500 for services rendered on claimant's behalf at the hearing before the ALJ.

Dean Warren sought review by the Board of the ALJ's order. The Board affirmed the ALJ on both the issues of responsibility and attorney fees. In rejecting Dean Warren's argument that the fee limitations of ORS 656.308(2)(d) apply to this case, the Board explained:

> "In *Dan J. Anderson, supra,* we held that *amended* ORS 656.308(2)(d) applies retroactively to cases pending on Board review, but that it does not limit assessed fees awarded under ORS 656.307(5) for services rendered in a '307' responsibility proceeding. In reaching our conclusion, we relied on the fact that ORS 656.307 was not included among the statutes listed in *amended* ORS 656.308(2)(d). After considering Liberty/Warren's arguments, we decline to depart from our reasoning in *Anderson. See Allen T. Knight*, 48 Van Natta 30 (January 8, 1996)."

The Board also awarded claimant $1,000 in attorney fees for legal services rendered before the Board.[5]

---

[5] That attorney fee award is not challenged in this appeal, nor is it argued that the $1,000 limitation is a cumulative limit on proceedings before the ALJ under ORS 656.307(5) and other proceedings before the ALJ and the Board.

The question that we must decide is whether the limitation on attorney fees in ORS 656.308(2)(d) also limits awards of attorney fees authorized under ORS 656.307(5). ORS 656.307(5)[6] provides:

> "The claimant shall be joined in any proceeding under this section as a necessary party, but may elect to be treated as a nominal party. If the claimant appears at any such proceeding and actively and meaningfully participates through an attorney, the Administrative Law Judge may require that a reasonable fee for the claimant's attorney be paid by the employer or insurer determined by the Administrative Law Judge to be the party responsible for paying the claim."

ORS 656.308(2)(d)[7] provides:

> "Notwithstanding ORS 656.382(2), 656.386 and 656.388, a reasonable attorney fee shall be awarded to the injured worker for the appearance and active and meaningful participation by an attorney in finally prevailing against a responsibility denial. Such a fee shall not exceed $1,000 absent a showing of extraordinary circumstances."

When construing statutes, our task is to ascertain the intent of the legislature when enacting the provisions in question. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We begin with the text and context of the statutes, because the best evidence of legislative intent is the statute itself. *Id.* at 610. We may employ rules of construction at this level, such as the rule that other provisions within the same statutory scheme are considered part of the context, the rule that a particular provision controls a general provision that is inconsistent with it, and the rule that whenever possible, we construe the provisions of statutes so as to give effect to each and all of the provisions within that scheme. *Id.* at 611. If the legislature's intent is clear from that inquiry, we go no further. *Id.*

---

[6] This statute was amended by SB 369 during the pendency of claimant's claim. Because this statute was not among the exceptions to the general retroactivity provision of SB 369, it applies to cases arising under the former and present versions of ORS 656.307. *See Volk v. America West Airlines*, 135 Or App 565, 572-73, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996). However, none of the amendments to this statute were substantive.

[7] This statute also was not among the exceptions to the general retroactivity provision of SB 369. Thus, it applies to cases arising under the former and present versions of ORS 656.308. *See Volk v. America West Airlines*, 135 Or App at 572-73.

Dean Warren argues that the text of ORS 656.308(2)(d) clearly provides that its fee limitations also apply to an award of fees authorized by ORS 656.307(5). Dean Warren's argument focuses on the words "in finally prevailing against a responsibility denial" in ORS 656.308(2)(d). It asserts that the general reference to a *responsibility* denial means that the limitation applies to *any* case involving a responsibility denial, which would include cases processed under ORS 656.307. Claimant, on the other hand, asserts that the Board's reading of these two statutes is correct, both because ORS 656.307(5) is a more specific statute than ORS 656.308(2)(d) and because ORS 656.308(2)(d) fails to reference ORS 656.307(5) in its "notwithstanding" clause.

We agree with claimant's and the Board's understanding of these two statutes. ORS 656.307(5) specifically authorizes attorney fees under specific circumstances; that is fees for legal services before an ALJ in a proceeding under ORS 656.307 where *only* responsibility is disputed. ORS 656.308(2)(d), on the other hand, authorizes attorney fee awards in responsibility cases in a number of contexts. The authorization of fees in the particular circumstances identified in ORS 656.307(5) is more specific and, under the rules of statutory construction, that statute should control over the more general language of ORS 656.308(2)(d). ORS 174.020. That reading also gives effect to all of the provisions of the statutory scheme.

Our reading of the statute is also supported by the fact that ORS 656.308(2)(d) includes a "notwithstanding" clause that specifically references a number of other statutes (ORS 656.382(2), 656.386, and 656.388) that authorize fees in particular circumstances, but does *not* reference ORS 656.307(5). This omission indicates that the legislature did not intend that the limitations of ORS 656.308(2)(d) would apply to proceedings under ORS 656.307(5). *See State v. McFee*, 136 Or App 160, 901 P2d 870 (1995), *rev dismissed* 323 Or 662 (1996) (where statute expressly provides that it applies to a number of specific statutory crimes, absence of a crime from those listed indicates that it was intended to be excluded, notwithstanding evidence that the legislature intended that it be included). The dissent purports to carry out the intent of the legislature with its reading of the statutes. However, in doing so, it ignores the language that the

legislature used. The dissent essentially would have us read ORS 656.307(5) into the "notwithstanding" clause of ORS 656.308(2). However, we may not insert into a statute what has been omitted. ORS 174.010.

Dean Warren also argues that interpreting ORS 656.308(2)(d) as not limiting attorney fees awarded under ORS 656.307(5) is illogical because an attorney representing a claimant in a more complex "hybrid" case under ORS 656.308 would have only limited fees available, while the attorney in a simple, "pure" responsibility case has access to unlimited fees, and that could not have been the legislature's intent. That argument overlooks the fact that in a hybrid case subject to ORS 656.308 there may be other statutes that authorize fees in the nonresponsibility aspects of the case. Regardless, as discussed above, the text and context of these two statutes lead us to the conclusion that the limitations of ORS 656.308(2)(d) do not apply to proceedings before the ALJ under ORS 656.307(5). *See Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 553, 915 P2d 1053, *rev den* 324 Or 305 (1996) (legislature's incorrect reading of a holding and enactment of statute in attempt to alter the effect of that decision does not give court authority to add words to statute; "we are constrained by the reasonable construction of the language that the legislature actually enacted"). We conclude that the Board did not err in awarding claimant fees of $3,500 for legal services before the ALJ.

Affirmed.

**WARREN, J.,** dissenting.

The majority incorrectly assumes that because the legislature did not mention ORS 656.307 in ORS 656.308 it must have intended a result inconsistent with its overriding intent to limit attorney fees in responsibility cases. However, a permissible interpretation is available which provides consistency between the sections and at the same time adheres to the legislative purpose of limiting attorney fees in responsibility disputes. Because the majority fails to recognize this interpretation, I dissent.

ORS 656.307(5) provides, in part:

"The claimant shall be joined in any proceeding under this section as a necessary party, but may elect to be treated as a nominal party. If the claimant appears at any [hearing to determine responsibility between multiple employers] and actively and meaningfully participates through an attorney, the Administrative Law Judge may require that a reasonable fee for the claimant's attorney be paid by the employers or insurer * * *."

ORS 656.308(2)(d) provides:

"Notwithstanding ORS 656.382(2), 656.386, and 656.388, a reasonable attorney fee shall be awarded to the injured worker for the appearance and active and meaningful participation by an attorney in finally prevailing against a responsibility denial. Such a fee shall not exceed $1,000 absent a showing of extraordinary circumstances."

The issue is whether ORS 656.308(2)(d) limits attorney's fees to $1,000 even if the proceedings were governed by ORS 656.307 (referred to as a "307" hearing). A "307" hearing may be requested only when all parties agree that an injury is compensable and responsibility is the only question. *See* OAR 436-060-180.

In addressing this issue we must adhere to the settled principle that whenever possible we attempt to construe statutes on the same subject to achieve consistency. *Urban Renewal v. Swank*, 54 Or App 591, 599, 635 P2d 1344 (1981), *rev den* 292 Or 450 (1982); *Circuit Court v. AFSCME*, 295 Or 542, 545, 669 P2d 314 (1983); *see also Vaughn v. Pacific Northwest Bell Telephone*, 289 Or 73, 83, 611 P2d 281 (1980) ("This court will avoid a construction which creates a conflict between statutes or renders one statute ineffective."). The majority fails to mention this principle and instead focuses on tools of statutory construction based on the *assumption* that the sections conflict. This assumption is incorrect.

ORS 656.308(2)(d) sets a limit on attorney fees for that portion of the proceedings which deals with disputes between employers over which is responsible for compensating a claimant. Responsibility addresses only *who* is going to compensate a claimant, not *whether* a claimant will be compensated. The role of an attorney at this stage is generally insignificant compared to his or her role in a dispute over

whether an injury is compensable.[1] The legislature has made the policy decision to limit claimant attorney's fees in a dispute over responsibility. It would be incongruous for ORS 656.308(2)(d), which expressly targets responsibility cases, not to apply to a "307" hearing, which deals exclusively with responsibility.

There is no conflict between ORS 656.307(5) and 656.308(2)(d). Section 656.307(5) provides that a reasonable attorney fee may be awarded if the claimant's attorney meaningfully participates in a responsibility hearing. Obviously, if the claimant has absolutely nothing to gain or lose in a "307" hearing, any legal representation cannot be meaningful and should not be compensated. However, when an attorney's presence is necessary to protect or further an interest that may be in jeopardy, the statute provides for a "reasonable" attorney fee. Section 656.308(2)(d) provides that absent extraordinary circumstances, such reasonable attorney fees shall not exceed $1,000.

Read together, these statutes provide for reasonable attorney fees when an attorney meaningfully participates in a "307" hearing limited to $1,000 absent extraordinary circumstances. This simple construction gives effect to both statutes and furthers the legislative purpose behind ORS 656.308(2)(d), which is to limit the incentive for claimant attorneys to unnecessarily participate in proceedings which are really fights between employers.

Granted, ORS 656.308(2)(d) fails to include ORS 656.307 in its notwithstanding clause. However, this omission is far more likely an oversight than an indication of an intent that conflicts with the legislative goal to limit attorney fees in responsibility proceedings. Nothing in the statutes *require* the conclusion that the majority reaches. The construction that I propose is consistent with both the language

---

[1] There are times when legal representation in responsibility cases is very important. Deciding which employer pays the benefits may significantly impact the amount of those benefits due to such factors as time loss rates, medical providers and aggravation claim periods. However, the more crucial the attorney's role is in the proceeding, the more likely it will fall under the extraordinary circumstances of ORS 656.308(2)(d).

of the statutes and the legislative policy. Because the majority unnecessarily reaches a conclusion inconsistent with the clear legislative policy, I dissent.

Edmonds and Landau, JJ., join in this dissent.