Argued and submitted July 3, affirmed on petition and cross-petition
November 5, 1997

In the Matter of the Compensation of
Thomas R. Smith, Claimant.

FOSTER-WHEELER CONSTRUCTORS, INC.,
and Liberty Northwest Insurance Corporation,
*Petitioners - Cross-Respondents,*

*v.*

Thomas R. SMITH,
*Respondent - Cross-Petitioner,*

*and*

RAYTHEON ENGINEERS AND CONSTRUCTORS
and Liberty Mutual,
*Respondents.*

(WCB 95-07260, 95-07259; CA A95112)

947 P2d 1144

Patricia Nielsen argued the cause for petitioners - cross-respondents. With her on the briefs was Mannix, Nielsen & Crawford P.C.

Robert Wollheim argued the cause for respondent - cross-petitioner Thomas R. Smith. With him on the brief was Welch, Bruun, Green & Wollheim.

Steven T. Maher argued the cause and filed the brief for respondents Raytheon Engineers and Constructors and Liberty Mutual.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer Foster-Wheeler Constructors and its insurer, Liberty Northwest Insurance Corporation (Foster/Liberty), seek review of a Workers' Compensation Board (the Board) decision setting aside Foster/Liberty's compensability and responsibility denial and of the Board's refusal to admit certain evidence. Claimant cross-petitions, alleging that the Board erred in restricting attorney fees for the responsibility denial to $1,000 pursuant to ORS 656.308(2)(d). We affirm on the merits and write only to discuss the cross-petition.

The relevant facts show that claimant filed a workers' compensation claim against Foster/Liberty on May 3, 1995, for a L4-5 disc herniation and sciatica. Foster/Liberty denied both compensability and responsibility. Claimant requested a hearing in which the administrative law judge (ALJ) affirmed the denials. Claimant sought review before the Board, which set aside the denials and awarded attorney fees to claimant. Claimant requested $9,000 in attorney fees. The Board awarded claimant $6,500 pursuant to ORS 656.386(1)[1] on the issue of compensability and $1,000 (the maximum that the Board believed it could award) pursuant to ORS 656.308(2)(d) on the issue of responsibility, for a total of $7,500.

We review the Board's interpretation of a statute for errors of law.[2] ORS 656.308(2)(d) provides:

"Notwithstanding ORS 656.382(2), 656.386 and 656.388, a reasonable attorney fee shall be awarded to the injured worker for the appearance and active and meaningful participation by an attorney in finally prevailing against a responsibility denial. Such a fee shall not exceed $1,000 absent a showing of extraordinary circumstances."

---

[1] ORS 656.386(1), in relevant part, provides:

"In such cases involving denied claims where the claimant prevails finally in a hearing before * * * the Workers' Compensation Board, then the * * * board shall allow a reasonable attorney fee."

[2] Claimant makes a secondary, unspecific assertion that the Board's record is insufficient for review. However, because the only issue raised by claimant is whether the board correctly interpreted ORS 656.308(2)(d), a pure question of law, the sufficiency of the record is irrelevant.

Claimant does not argue that "extraordinary circumstances" exist. He argues that the purpose of ORS 656.308(2)(d) "was to limit the attorney fee paid to claimant's counsel when responsibility was the only issue."[3] However, claimant cites no authority for that position. Foster/Liberty responds that the text of the statute is "plain on its face" and that it applies whether responsibility is one of the issues or the only issue. We agree that the applicability of the statute does not depend on whether responsiblity is the only issue in the case.

By adopting ORS 656.308(2)(d) the legislature has made the policy decision to limit claimant's attorney fees in a dispute over responsibility. Responsibility addresses only *who* is going to compensate a claimant, not *whether* a claimant will be compensated. The role of an attorney at this stage is generally insignificant compared to his or her role in determining whether an injury is compensable.[4] The text of the statute does not limit its application to cases where responsibility is the only issue.[5] Thus, we hold that the Board properly limited attorney fees for that portion of the proceeding involving responsibility to $1,000 regardless of whether it was the only issue.

Affirmed on petition and cross-petition.

---

[3] Claimant also argues that because the Board found that ORS 656.308(1) did not apply, ORS 656.308(2) could not apply. Because we hold that ORS 656.308(2) applies to *any* responsibility denial, except for one falling under ORS 656.307(5), that argument lacks merit.

[4] There are times when legal representation in responsibility cases is very important. Deciding which employer is on the claim may have a significant impact on the amount of benefits due to such factors as time loss rates, medical providers and aggravation claim periods. However, the more crucial the attorney's role is in the proceeding, the more likely that it will fall under the extraordinary circumstances of ORS 656.308(2)(d).

[5] We have recently held that ORS 656.308(2)(d) does not apply to a responsibility denial under ORS 656.307(5). *See Dean Warren Plumbing v. Brenner*, 150 Or App 422, 946 P2d 356 (1997).