Argued and submitted February 14, reversed and remanded for reconsideration
March 14, 2001

In the Matter of the Compensation of
Johnny R. Richey, Claimant.

Johnny R. RICHEY,
*Petitioner,*

*v.*

BARRETT BUSINESS SERVICES,
*Respondent.*

(99-02426; CA A110039)

20 P3d 260

Donald E. Beer argued the cause for petitioner. With him on the brief was Popick & Merkel.

Scott H. Terrall argued the cause for respondent. With him on the brief was Terrall & Terrall.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board (Board) upholding employer's denial of his lower back injury claim. Claimant argues that the Board applied an incorrect legal standard. We agree and reverse and remand for reconsideration.

The relevant facts are not in dispute. Claimant worked as a "leased employee" whom employer assigned out to other employers. While working as a construction laborer on a residential work project, claimant slipped and fell. He did not feel immediate pain; rather, pain in his lower back came on gradually over the next few days. Three days after the accident he sought treatment for the pain and filed a claim for injury to his lower back.

Employer denied the claim. Claimant was examined by a number of physicians, including Dr. Grossman, his current treating physician. All noted that claimant suffers from a preexisting degenerative disc disease and has had other back injuries, but none concluded that either the preexisting disease or the prior injuries combined with the work injury to cause his current back condition. The Board upheld the denial. Because the claim does not involve a combined condition, the Board concluded that claimant was required to show that his work injury was a material contributing cause of his need for treatment or disability. The Board further concluded that, because the claim involved complex medical questions, expert medical opinions were required. The Board then commented that

> "[t]he expert medical opinion must evaluate the relative contribution of each cause. *Dietz v. Ramuda*, 130 Or App 397[, 882 P2d 618] (1994), *rev dismissed* 321 Or 416 (1995)."

The Board noted that it generally deferred to the claimant's treating physician, but in this case, it said, it found persuasive reasons to do otherwise. Among other things, the Board found that

"Dr. Grossman did not properly weigh the relative contribution of each cause. Dr. Grossman's opinion does not mention claimant's degenerative disc disease or discuss the effect or lack of effect of claimant's other back injuries."

In consequence, the Board concluded that claimant failed to establish that his work activities were a material contributing cause of his need for treatment.

■ On review, claimant argues that the Board erred in requiring that experts evaluate the relative contribution of each cause in a case that does not involve a combined condition and to which the material contributing cause standard applies. According to claimant, *Dietz* described what must be proved in a combined condition case, in which it must be shown that the compensable injury is the *major* contributing cause of the disability or need for treatment. In that context, it is necessary for experts to weigh the relative contribution of each cause in order to arrive at a conclusion as to the *major* contributing cause. In this context, argues claimant, the *material* contributing cause standard applies, and requiring experts to weigh relative causes is unnecessary.

■ Employer concedes that the Board described and applied an incorrect standard in evaluating Grossman's testimony. It insists, however, the Board's ultimate finding that his testimony is not persuasive is so amply supported by evidence in the record that the error is of no consequence.

Claimant is correct that the Board applied the wrong legal standard in evaluating Grossman's testimony. We decline to accept employer's invitation to speculate that the error was of no consequence to the Board's evaluation of that testimony.

Reversed and remanded for reconsideration.