Argued and submitted May 25, 2000, affirmed on petition and cross-petition
March 14, 2001

In the Matter of the Compensation of
Daniel S. Kaleta, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION
and Davidson's Masonry, Inc.,
*Petitioners - Cross-Respondents,*

*v.*

Daniel S. KALETA,
*Respondent - Cross-Petitioner,*

*and*

SAIF CORPORATION
and Pardue Restoration,
*Respondents - Cross-Respondents.*

(WCB 98-03898, 98-02289; CA A105641)

20 P3d 256

Alexander D. Libmann argued the cause and filed the briefs for petitioners - cross-respondents.

Edward J. Harri argued the cause for respondent - cross-petitioner Daniel S. Kaleta. With him on the brief was Glen Lasken.

Jerome P. Larkin argued the cause and filed the briefs for respondents - cross-respondents SAIF Corporation and Pardue Restoration.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this workers' compensation case, Davidson's Masonry (Davidson's) seeks review of a Workers' Compensation Board order setting aside its denial of responsibility for claimant's bilateral carpal tunnel syndrome. Davidson's argues that the Board erred in its application of the last injurious exposure rule to determine responsibility. Claimant cross-petitions for review and argues that the Board erred in awarding attorney fees under ORS 656.308(2)(d) rather than ORS 656.307(5). We affirm on the petition and the cross-petition.

The facts are not in dispute. Claimant worked as a caulker for Pardue Restoration (Pardue) in its masonry business from 1994 to September 1997. His job duties included caulking, masonry restoration, and masonry concrete work. His work at Pardue required him to use manual caulking guns and power tools involving significant vibration. While working at Pardue, claimant occasionally experienced numbness in his hands, but he never sought treatment nor missed work due to his hands.

In September 1997, Pardue loaned claimant to Davidson's to help it with a masonry job at the Lincoln County Jail. Claimant performed essentially the same duties for Davidson's as he had performed at Pardue. Claimant's employment with Davidson's lasted approximately four weeks. However, during those four weeks, claimant's symptoms worsened. He also began getting a painful burning sensation in his fingers. Claimant decided to seek medical treatment for his symptoms when his four weeks of employment with Davidson's ended and he could return home.

On October 20, 1997, claimant went back to work for Pardue. His symptoms remained the same but did not worsen during that one day. After work that same night, claimant sought medical treatment. He was diagnosed with bilateral carpal tunnel syndrome. Claimant filed workers' compensation claims with both Pardue and Davidson's. Pardue twice denied responsibility for claimant's bilateral carpal tunnel syndrome, once in January 1998 and again in February 1998. Davidson's also denied responsibility for that

condition in May 1998. Both Pardue and Davidson's specifically requested the designation of a paying agent under ORS 656.307;[1] however, one was never issued.

Claimant sought review of the insurers' denials of responsibility for his bilateral carpal tunnel syndrome. The administrative law judge (ALJ) concluded that, under the last injurious exposure rule, Pardue was initially responsible. The ALJ further concluded that Pardue could not shift responsibility backwards because Pardue could not prove (1) that claimant's four weeks at Davidson's were the sole cause of his condition, or (2) that it was impossible for claimant's one day of work at Pardue to have contributed to his condition. Therefore, the ALJ set aside Pardue's denial and upheld Davidson's denial. The ALJ also held that attorney fees were proper under ORS 656.307(5)[2] and not ORS 656.308(2)(d),[3] despite the absence of a 307 order.[4]

Pardue sought review by the Board of that order. The Board reversed the decision of the ALJ, set aside Davidson's denial and upheld Pardue's denial. In doing so, the Board stated:

> "We also agree with the ALJ that, because claimant sought first sought treatment while working for Pardue, SAIF is initially responsible. *Timm* [*v. Maley*], 125 Or App [396], 401[, 865 P2d 1315 (1993), *rev den* 319 Or 81 (1994)].

---

[1] Pardue's first denial in January 1998 expressly opposed the designation of a paying agent. However, in February 1998, it issued an amended denial that expressly requested a paying agent.

[2] ORS 656.307(5) provides:

"The claimant shall be joined in any proceeding under this section as a necessary party, but may elect to be treated as a nominal party. If the claimant appears at any such proceeding and actively and meaningfully participates through an attorney, the [ALJ] may require that a reasonable fee for the claimant's attorney be paid by the employer or insurer determined by the [ALJ] to be the party responsible for paying the claim."

[3] ORS 656.308(2)(d) provides:

"Notwithstanding ORS 656.382(2), 656.386 and 656.388, a reasonable attorney fee shall be awarded to the injured worker for the appearance and active and meaningful participation by an attorney in finally prevailing against a responsibility denial. Such a fee shall not exceed $1,000 absent a showing of extraordinary circumstances."

[4] A "307" order is shorthand terminology commonly used to refer to an order issued pursuant to ORS 656.307.

Only Dr. Gardner and Dr. Weller assess contribution between claimant's 1994-97 employment with Pardue, Davidson's, and the subsequent single day of work at Pardue. Because both physicians indicate that the October 20 employment at Pardue did not 'pathologically worsen' claimant's condition, we find their opinions sufficient to establish that prior employment with Davidson and the 1994-97 exposure with Pardue was the sole cause of claimant's carpal tunnel syndrome. Thus, responsibility shifts from [Pardue] to [Davidson's]. *See Roseburg Forest Products v. Long,* 325 Or 305, 313[, 937 P2d 517] (1997)."

The Board also reversed the part of the ALJ's order awarding attorney fees under ORS 656.307(5). The Board based its decision on the fact that there was no 307 order and, thus, ORS 656.307(5) did not apply. Rather, the Board awarded a $1,000 attorney fee under ORS 656.308(2)(d), because claimant's attorney finally prevailed against Davidson's responsibility denial and actively and meaningfully participated in the proceeding.

■ On review, Davidson's contends that the Board applied the wrong legal test for shifting responsibility under the last injurious exposure rule. "As a rule of assignment of responsibility, the last injurious exposure rule assigns full responsibility to the last employer that could have caused the claimant's injury." *Long,* 325 Or at 309. "[T]he function of the last injurious exposure rule is to 'spread[ ] liability fairly among employers by the law of averages and * * * reduc[e] litigation.' " *Id.* at 314, *citing Bracke v. Baza'r,* 293 Or 239, 248, 646 P2d 1330 (1982). However,

"an employer that otherwise would be responsible under the last injurious exposure rule may avoid responsibility if it proves either: (1) that it was impossible for conditions at its workplace to have caused the disease in this particular case or (2) that the disease was caused solely by conditions at one or more previous employments." *Long,* 325 Or at 313.

Davidson's argues that the Board erred when it applied a "pathological worsening" standard, and we should remand to the Board with instructions to apply the impossibility standard for determining whether claimant's one day at work with Pardue contributed to his bilateral carpal tunnel syndrome. We disagree.

 The Board correctly determined that Pardue was initially responsible under the last injurious exposure rule because claimant first sought treatment after working at Pardue on October 20, 1997. *Timm*, 125 Or App at 401 ("If a claimant receives treatment for a compensable condition before experiencing time loss due to the condition, the date that the claimant first began to receive treatment related to the compensable condition is determinative for the purpose of assigning initial responsibility for the claim, unless the subsequent employment contributes independently to the cause or worsening of the condition."). We also agree with Davidson's that the standard for determining whether responsibility shifts backwards under the last injurious exposure rule to a previous employer required Pardue to prove it was either (1) impossible for claimant's one day at Pardue to have caused claimant's bilateral carpal tunnel syndrome or (2) that claimant's bilateral carpal tunnel syndrome was caused solely by conditions at one or more previous employments. *Reynolds Metals v. Rogers*, 157 Or App 147, 153, 967 P2d 1251 (1998), *rev den* 328 Or 365 (1999). We also agree that it was inaccurate for the Board to have interjected the *pathological* worsening language into its opinion. However, despite that inaccuracy, it is not necessary to remand to the Board for reconsideration. Although *pathological* worsening is not taken into account when determining whether responsibility should shift under the last injurious exposure rule, the Board's use of the term pathological worsening, albeit improper, did not compromise the correctness of its resolution of the case.

 The Board properly and consistently with *Long* determined that claimant's prior employments from 1994-97 with both Davidson's and Pardue were the *sole cause* of his bilateral carpal tunnel syndrome. Thus, it necessarily follows that claimant's one day of work at Pardue on October 20 did not cause claimant's condition, because his previous employments were the sole cause of his condition. Whether the sole cause of claimant's injury was from claimant's previous employments is a question of fact that we review for substantial evidence. *SAIF v. Paxton*, 154 Or App 259, 959 P2d 634 (1998); ORS 183.482(8)(c). We hold that substantial evidence supports that finding.

Further supporting our conclusion is the fact that the Board, after shifting responsibility to Davidson's, analyzed whether responsibility should further be shifted backwards to SAIF as the carrier for claimant's employment with Pardue from 1994 to 1997. In doing so, the Board held that

"[b]ecause we find no evidence that this exposure was the sole cause of claimant's carpal tunnel syndrome condition or that it was impossible for claimant's employment with [Davidson's] to have contributed to that condition, responsibility remains with [Davidson's]."

That language shows that the Board knew what the standard under *Long* was for shifting responsibility backwards under the last injurious exposure rule. Remanding the case to the Board for it to reach the same result solely because of ill-placed language in the order would do neither the parties nor the Board justice. The Board did not err in its application of the last injurious exposure rule.

We now address claimant's cross-petition for review. Claimant contends that the Board erred in awarding attorney fees to claimant's attorney under ORS 656.308(2)(d) rather than under ORS 656.307(5). Claimant argues that ORS 656.307 provides a mechanism for resolving initial determinations of responsibility, whereas ORS 656.308 provides "for a mechanism of allocating or assessing subsequent responsibility after there is an *accepted claim*." (Emphasis added.) Therefore, because both Pardue and Davidson's were disputing responsibility of an initial claim, neither had accepted the claim and neither assumed responsibility for payment of compensation, ORS 656.308 is inapplicable. We disagree.

■ In *Dean Warren Plumbing v. Brenner*, 150 Or App 422, 946 P2d 356 (1997), *rev dismissed* 327 Or 174 (1998), we interpreted both ORS 656.308(2)(d) and ORS 656.307(5) and held that

"ORS 656.307(5) specifically authorizes attorney fees under specific circumstances; that is fees for legal services before an ALJ *in a proceeding under ORS 656.307* where *only* responsibility is disputed. ORS 656.308(2)(d), on the other hand, authorizes attorney fee awards in responsibility cases in a number of contexts. The authorization of fees in

the particular circumstances identified in ORS 656.307(5) is more specific and, under the rules of statutory construction, that statute should control over the more general language of ORS 656.308(2)(d). ORS 174.020." *Id*. at 427 (first emphasis added; second emphasis in original).

No 307 order was issued here. Thus, the proceeding before the ALJ was not decided under the rules that govern ORS 656.307. Therefore, under *Brenner*, attorney fees cannot be awarded under ORS 656.307. Instead, the applicable statute for determining the amount of attorney fees is ORS 656.308(2)(d).

"By adopting ORS 656.308(2)(d) the legislature has made the policy decision to limit claimant's attorney fees in a dispute over responsibility. * * * The text of the statute does not limit its application to cases where responsibility is the only issue." *Foster-Wheeler Constructors, Inc. v. Smith*, 151 Or App 155, 158, 947 P2d 1144 (1997).

Furthermore, "ORS 656.308(2) applies to *any* responsibility denial, except for one falling under ORS 656.307(5) * * *." *Id*. at 158 n 3 (emphasis in original). ORS 656.307(5) is inapplicable and thus, claimant's argument that ORS 656.308(2)(d) applies only if there is an already accepted claim is incorrect. Because claimant successfully overturned Davidson's responsibility denial, we hold that the Board did not err in awarding attorney fees under ORS 656.308(2)(d).

Affirmed on petition and cross-petition.