Argued and submitted September 17, reversed and remanded October 29, 2003

In the Matter of the Compensation of
Steve E. Houston, Claimant.

## LES SCHWAB WAREHOUSE CENTER,
*Petitioner,*

*v.*

## SAIF CORPORATION,
Agness Enterprises,
and Steve E. Houston,
*Respondents.*

00-06672, 00-06673; A118249

78 P3d 1249

Kathryn M. Pratt argued the cause for petitioner. On the opening brief were Brian B. Williams, Scott P. Monfils, and Hitt Hiller & Monfils LLP. On the reply brief was Scott P. Monfils.

Christopher D. Moore argued the cause and filed the brief for respondent Steve E. Houston.

Jerome P. Larkin argued the cause and filed the brief for respondents Agness Enterprises and SAIF Corporation.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this workers' compensation case, petitioner Les Schwab Warehouse Center (Les Schwab) argues that the board erroneously applied the last injurious exposure rule to find Les Schwab responsible for claimant's shoulder condition. We agree and reverse and remand.

Claimant first sought medical treatment while working for his first employer, Agness Enterprises, so it is assigned initial responsibility for the claim. *Timm v. Maley,* 125 Or App 396, 401, 865 P2d 1315 (1993), *rev den,* 319 Or 81 (1994). In order to shift responsibility forward to claimant's second employer, Les Schwab, Agness Enterprises must establish that claimant's employment at Les Schwab actually contributed to a worsening of claimant's condition. *Reynolds Metals v. Rogers,* 157 Or App 147, 153, 967 P2d 1251 (1998), *rev den,* 328 Or 365 (1999).

In this case, it is not possible to determine if the board applied the correct legal standard to determine whether Les Schwab is responsible for claimant's condition. The board, citing to *Liberty Northwest Ins. Corp. v. Kaleta,* 173 Or App 82, 87, 20 P3d 256 (2001), parenthetically described the test as *"pathological* worsening is not taken into account when determining whether responsibility should shift under the last injurious exposure rule." (Internal quotation marks omitted; emphasis in original.) *Kaleta* concerned the employer's attempt to shift responsibility *backward* to a previous employer. This case concerns shifting responsibility *forward* to a later employer.

We remand this case to the board to consider this case under the appropriate legal standard, as prescribed by *Reynolds Metals. See Richey v. Barrett Business Services,* 173 Or App 29, 32, 20 P3d 260 (2001) (where the board applied the wrong legal standard, the proper result is a remand to the board to apply the correct legal standard).

Reversed and remanded.