941 P.2d 1036 (1997)
149 Or. App. 496
In the Matter of the Compensation of Manuel Garibay, Claimant.
Manuel GARIBAY, Petitioner,
v.
BARRETT BUSINESS SERVICES, Respondent.
94-14940; CA A94186.
Court of Appeals of Oregon.
Argued and Submitted March 26, 1997.
Decided June 18, 1997.
Vance D. Day, Salem, argued the cause and filed the brief for petitioner.
Travis Terrall, Portland, argued the cause for respondent. With him on the brief was Terrall & Associates.
Before RIGGS, P.J., and LANDAU and LEESON, JJ.
LEESON, Judge.
Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in affirming the administrative law judge (ALJ) and holding that his claim for carpal tunnel syndrome is not compensable. We agree with claimant that the Board erred and further hold that the claim is the responsibility of Barrett Business Services (Barrett). Accordingly, we reverse and remand the case for acceptance and processing of the claim by Barrett.
Claimant moved to Oregon from Mexico in 1981. His first language is Spanish, and the record shows that he does not read or write English. Claimant has been planting and harvesting trees since 1981. When he first came to Oregon, he worked for a company called Northwest Green Tree. Claimant testified that in 1983 or 1984 Green Tree changed its name to Chapparral. Barrett's last witness at the hearing, Caudillo, the *1037 owner of Chapparral, testified that Chapparral and Northwest Green Tree are related but separate corporations and that, although claimant continued to work at the same location, he became an employee of Chapparral in 1990. In 1991, Caudillo transferred claimant to Barrett, which leased claimant to Chapparral until 1994, when he stopped working. All of these changes took place without claimant's knowledge, as he continued to do the same work at the same location. Until the time of the hearing, claimant believed that he had worked for the same employer from 1981 until 1994.
Claimant first saw a doctor in 1993 when one of his supervisors took him to the emergency room for treatment of a finger that had been cut by a chain saw. In follow-up examinations, the doctor suspected that claimant also suffered from carpal tunnel syndrome (CTS) and referred claimant to a specialist, who ultimately diagnosed CTS. The medical evidence specifically related claimant's condition to his work as a tree planter and harvester "for this company, for 13 years." Claimant testified that his symptoms began in 1989. In his original order, the ALJ did not address the multiple employer situation and found that claimant's condition was related to his years of work as a planter/harvester and was compensable. The fact that the condition was caused by claimant's work over the 13 years is not disputed.
The ALJ's order was mailed on July 17, 1995. In a motion for reconsideration, Barrett asked the ALJ to consider the effect of a 1995 amendment to ORS 656.005 providing a definition of "preexisting condition." ORS 656.005(24).[1] In its motion for reconsideration, Barrett argued:
"[W]hile you may find that claimant's work since 1981 was responsible for his bilateral carpal tunnel syndrome, with regard to the claim filed with our employer, claimant has a `preexisting condition' pursuant to ORS 656.005(24)." (Emphasis supplied.)
Claimant responded that Barrett's assertion was, in essence, a responsibility denial for which Barrett was required to issue a disclaimer pursuant to ORS 656.308(2) (1990).[2] Claimant contended that Barrett, having failed to disclaim responsibility, could not raise lack of responsibility as a defense.
In his order on reconsideration, the ALJ agreed with Barrett that claimant's prior work exposure had given rise to a preexisting condition and that claimant had failed to show that his work with Barrett had caused a worsening of his preexisting condition. On review, the Board found that "[t]he medical evidence shows that the major contributing cause of claimant's CTS is his 12-year work history as a tree planter and harvester." However, the Board did not specifically adopt the preexisting condition analysis. Instead, it held that by the time of the *1038 hearing claimant had sufficient information to know that he had had multiple employers but that he joined only Barrett and that claimant had not established that his employment with Barrett had either caused or worsened his CTS. The Board rejected the dissenting Board member's view that claimant had established the compensability of his condition under the last injurious exposure rule, reasoning that claimant's only theory of compensability before the ALJ and the Board had been actual causation of an occupational disease by a single employment. The Board reasoned that claimant had not chosen to "invoke" the last injurious exposure rule and refused to apply the rule sua sponte.
We agree with the Board that claimant did not technically "invoke" the last injurious exposure rule. He filed a claim only with Barrett, apparently because he believed that Barrett had always been his employer's legal name and that he had worked for the same employer since 1981. His medical evidence was directed at proof of causation over that entire period. As the dissenting Board member pointed out, because of claimant's mistaken belief that he had had the same employer for 13 years, it cannot be said that claimant elected to prove actual causation by his 2 ½ years of employment with Barrett.
Resolution of this dispute does not depend on whether claimant is entitled to rely on the last injurious exposure rule to establish the compensability of his claim. The Board found that claimant's condition was caused in major part by his work as a tree planter and harvester between 1981 and 1994. That finding is supported by substantial evidence. Whether through misunderstanding or oversight, claimant did not join Green Tree or Chapparral, and they cannot be held responsible for his CTS because they have not been joined. ORS 656.308(2) (1990). Claimant did file a claim with Barrett. Barrett had a statutory obligation pursuant to ORS 656.308(2) (1990) to disclaim responsibility for the claim when it learned that claimant's condition was work related and potentially was the responsibility of Green Tree or Chapparral. Barrett failed to do so. Claimant's confusion about who employed him is exactly the circumstance that ORS 656.308(2) (1990) was intended to remedy. Under the relevant version of ORS 656.308(2), claimant did not need to seek out every potentially responsible employer or insurer; it was Barrett's obligation to provide claimant with a list of potentially responsible employers or insurers, if Barrett intended to assert that a different employer was responsible for claimant's CTS.
We agree with claimant that this case is about responsibility. As indicated by the testimony of Caudillo, Barrett's witness, Barrett knew that claimant had been transferred to it by Chapparral and had been doing the same work for many years; the medical evidence showed that it was his work over the entire period of employment that had caused his condition. Although Barrett did not, in the technical sense, raise responsibility as a defense, that was the practical effect of its contention to the ALJ that claimant had a preexisting condition for which Barrett was not responsible. In the light of the record, which supports the Board's finding that claimant's condition was caused by his work, we treat Barrett's preexisting condition argument as a contention that another employer is responsible. Barrett is barred from making that argument, because it failed to disclaim responsibility for the claim as provided by ORS 656.308(2) (1990).
The Board's order is based in part on its view, enunciated in Joyce A. Crump, 47 Van Natta 466 (1995), that the obligation to disclaim responsibility does not exist if there is a dispute as to the compensability of the claim. We reject that contention. The requirement for issuance of a disclaimer in ORS 656.308(2) (1990) is not contingent on a concession of compensability by an employer. The statute does not distinguish between cases involving responsibility only and cases involving both responsibility and compensability. It requires the issuance of a disclaimer by "[a]ny employer * * * which intends to disclaim responsibility for a given injury or disease claim." Failing that, an employer may not assert as a defense that "responsibility lies with another employer or insurer." An employer that fails to disclaim responsibility may continue to assert that the claim *1039 is not compensable, but not for the reason that it was caused by a prior work exposure. In this case, Barrett's denial of compensability was based solely on its contention that claimant's CTS was a preexisting condition brought on by an earlier employment, which is merely an assertion that another employer is responsible. Having failed to disclaim responsibility for the claim, Barrett is barred from asserting that claimant's CTS was caused by a different employer.
Reversed and remanded.
NOTES
[1] ORS 656.005(24) provides:

"`Preexisting condition' means any injury, disease, congenital abnormality, personality disorder or similar condition that contributes or predisposes a worker to disability or need for treatment and that precedes the onset of an initial claim for an injury or occupational disease, or that precedes a claim for worsening pursuant to ORS 656.273."
[2] ORS 656.308(2) (1990) provides:

"No employer or insurer shall be joined in any workers' compensation proceeding unless the worker has first filed a timely written claim for benefits against that employer or insurer, or the employer or insurer has consented to the issuance of an order designating a paying agent under ORS 656.307. Any employer or insurer which intends to disclaim responsibility for a given injury or disease claim on the basis of an injury or exposure with another employer or insurer shall mail a written notice to the worker as to this position within 30 days of actual knowledge of being named or joined in the claim. The notice shall specify which employer or insurer the disclaiming party believes is responsible for the injury or disease. The worker shall have 60 days from the date of mailing of the notice to file a claim with such other employer or insurer. Any employer or insurer against whom a claim is filed may assert, as a defense, that the actual responsibility lies with another employer or insurer, regardless of whether or not the worker has filed a claim against that other employer or insurer, if that notice was given as provided in this subsection."
As we held in Norstadt v. Murphy Plywood, 148 Or.App. 484, 941 P.2d 1030 (1997), the 1995 amendments to ORS 656.308(2) are not applicable to this case, because they alter time limitations with respect to actions that had been taken on the claim before the effective date of the Act. Id. at 491-92, 941 P.2d at 1033.