Argued and submitted May 11, reversed and remanded for reconsideration
July 15, 1998

In the Matter of the Compensation of
Gene H. Gosda, Claimant.

Gene H. GOSDA,
*Petitioner,*

*v.*

J. B. HUNT TRANSPORTATION
and Liberty Mutual Insurance,
*Respondents.*

(94-03915; CA A96563)

962 P2d 777

David Morrison argued the cause for petitioner. With him on the brief was Aller & Morrison, P.C.

Jerald Keene argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Claimant seeks review of an order of the Workers' Compensation Board (Board). The Board adopted and affirmed an order of the administrative law judge (ALJ) denying the compensability of claimant's claim. We review for errors of law and substantial evidence, ORS 656.298(7); ORS 183.482(7) and (8), and reverse and remand.

Claimant began working as a long-haul truck driver in 1975. Most recently, he worked with employer, beginning in 1992 and ending in 1995. Throughout his years as a long-haul driver, claimant's work caused him to use his hands in ways that ultimately led to his medical condition—e.g., holding a steering wheel that vibrated, switching gears, cinching chains and straps, and loading and unloading items. In 1992, claimant began to experience numbness in his hands, a sensation that gradually increased in intensity. In 1996, claimant went to a doctor for treatment and subsequently filed a claim for an occupational disease with employer. Shortly thereafter, claimant was diagnosed with severe bilateral carpal tunnel syndrome and was advised to obtain surgery.

Employer's insurer had a physician examine claimant. That physician reviewed claimant's history and medical records and reported that claimant's work as a truck driver was the major contributing cause of claimant's condition. Two weeks later, insurer denied the compensability of claimant's occupational disease, writing in a denial letter that "[i]nformation obtained during this investigation fails to establish your condition * * * is related to your work activity with [employer]." Employer did not dispute responsibility.

Claimant requested a hearing on the issue of compensability[1] and named only employer as the responsible party. Claimant did not assert the applicability of the last injurious exposure rule (LIER) at any time during the hearing. The ALJ determined that all of the medical evidence, including the report of insurer's physician, "establishe[d]

---

[1] At the hearing, claimant also raised the issue of a penalty for an unreasonable denial; however, that issue is not before us in this judicial review.

that claimant's work as a truck driver caused his carpal tunnel syndrome." However, the ALJ affirmed insurer's compensability denial, ruling that "the evidence d[id] not establish that claimant's work for *this employer* was the major contributing cause of his carpal tunnel syndrome." (Emphasis in original.) The ALJ also ruled that, without a request by claimant to rely on the LIER as a rule of proof, the ALJ could not invoke the rule on its own motion to establish the compensability of claimant's condition. The ALJ relied on *Manwell Garibay*, 48 Van Natta 1476 (1996), which involved similar facts and stated that the ALJ could not invoke the LIER as a rule of proof on its own motion. The Board adopted and affirmed the ALJ's decision.

Apart from the specific circumstances of this case, two additional facts are present here that were not before the Board in its determination of this case. First, after the Board issued its decision in this case, we reversed the Board in *Garibay v. Barrett Business Services*, 148 Or App 496, 941 P2d 1036 (1997). Second, in *Garibay*, we applied the 1990 version of ORS 656.308(2);[2] however, the 1995 version of that statute applies here.

Claimant assigns error to the Board's order affirming the compensability denial of claimant's occupational disease claim. Claimant contends that, because "the instant case is legally indistinguishable from *Garibay*[,]" *stare decisis* mandates a reversal here. Though we disagree with claimant that *Garibay* controls the outcome here, for the reasons that follow, we agree that the Board's order must be reversed and remanded for reconsideration.

Claimant is correct that the facts of this case are analogous to the facts of *Garibay*. There, over a 13-year period, the claimant had worked for three employers with working conditions capable of causing his medical condition. 148 Or App at 498. However, he filed an occupational disease

---

[2] We applied the 1990 version of ORS 656.308(2) in *Garibay* because the 1995 amendments altered time limitations with respect to actions that had been taken on the claim before the effective date of those amendments. *Garibay v. Barrett Business Services*, 148 Or App 496, 499 n 2, 941 P2d 1036 (1997) (citing *Norstadt v. Murphy Plywood*, 148 Or App 484, 941 P2d 1030, *mod* 150 Or App 245, 942 P2d 654 (1997)).

claim against only his most recent employer. The employer denied compensability, and the claimant requested a hearing on that issue. At the hearing, the medical evidence undisputably established that the claimant's medical "condition was caused by [his] work [as a tree harvester] over the 13 years[.]" *Id.* Without reaching the responsibility issue, the Board ultimately affirmed the ALJ's ruling that the claimant had failed to prove major contributing causation with respect to the named employer. *Id.* at 499-500. Additionally, because the claimant had failed to refer to the LIER as a rule of proof, the Board refused to invoke the rule on its own motion to establish the compensability of the claimant's condition. *Id.* at 500.

On judicial review, we viewed the case differently from the Board, framing it as a case "about responsibility[,]" rather than compensability. *Id.* at 501. We concluded that, "although [the employer] did not, in the technical sense, raise responsibility as a defense, that was the practical effect of its contention to the ALJ that [the] claimant had a preexisting condition for which [the employer] was not responsible." *Id.* at 501. Our analysis followed from that conclusion. We analyzed the effect of the employer's failure to comply with the responsibility disclaimer requirement of ORS 656.308(2) (1990), which provided, in part:

> "Any employer or insurer which intends to disclaim responsibility for a given injury or disease claim on the basis of an injury or exposure with another employer or insurer shall mail a written notice to the worker as to this position. * * * Any employer or insurer against whom a claim is filed may assert, as a defense, that the actual responsibility lies with another employer or insurer, regardless of whether or not the worker has filed a claim against that other employer or insurer, *if that notice was given as provided in this subsection.*" (Emphasis supplied.)

As the emphasized language shows, ORS 656.308(2) (1990) expressly conditioned an employer's ability to assert a responsibility defense on its earlier provision of a responsibility disclaimer to the claimant. We held that the employer's failure to comply with the disclaimer requirement "barred [the employer] from making [a responsibility] argument." *Id.* at 501. In holding so, we did not address the compensability question that the Board considered in *Garibay*.

■ Here, compensability is the issue. Employer's insurer sent claimant a letter denying compensability, claimant requested a hearing on that issue, insurer defended that issue on a failure of proof theory, and the ALJ ultimately agreed, ruling that claimant had "failed to prove causation with respect to this employer." The issue of responsibility was not reached. Thus, to resolve this case, we must now squarely address the issue raised by the Board's *Garibay* opinion: whether the ALJ or the Board must invoke the LIER as a rule of proof to determine the compensability of a claim in the absence of a specific reference to it by the claimant.

We hold that the Board must do so. The Board's decision not to apply the LIER rule as a rule of proof when the medical evidence would otherwise establish compensability under the rule is inconsistent with the objective of Oregon's Workers' Compensation Law (Law). That goal is to provide compensation benefits to Oregon workers who have legitimately been injured as a result of their employment, ORS 656.012(2), a goal that also influenced the adoption of the LIER rule in Oregon. *See Inkley v. Forest Fiber Products Co.*, 288 Or 337, 343, 605 P2d 1175 (1980) (rule was adopted as a method to avoid the "inequity of denying a disabled worker his benefits under the statute because he mistakenly filed against the wrong employer").

Here, as in *Garibay,* the undisputed evidence showed that the major contributing cause of claimant's occupational disease was his work. Such evidence would have supported a finding of compensability under the LIER of proof.[3] *See Willamette Industries v. Titus*, 151 Or App 76, 80, 950 P2d 318 (1997) ("The rule of proof allows a claimant to prove compensability of an injury without having to prove the degree, if any, to which exposure to disability-causing conditions at a particular employment actually caused the claimant's condition."). Here, as in *Garibay*, the ALJ nevertheless declined to invoke the LIER as a rule of proof because claimant had not "properly pleaded or argued" the rule.

---

[3] The LIER has two aspects, a rule of proof and a rule of assignment of responsibility. As a rule of assignment of responsibility, it assigns full responsibility to the last employer that could have caused the claimant's medical condition. *Willamette Industries v. Titus*, 151 Or App 76, 81, 950 P2d 318 (1997) (citing *Roseburg Forest Products v. Long*, 325 Or 305, 309, 937 P2d 517 (1997)).

■■   Yet, as a *rule of proof*, the LIER is a method of resolving the issue of compensability, one of several issues that may define the limits of a workers' compensation proceeding; it is not an issue itself. Accordingly, it need not be brought into a case by a claimant through a pleading[4] or argument, but rather, is applicable in any case in which the evidence supports its application. *See Bracke v. Baza'r*, 293 Or 239, 246, 646 P2d 1330 (1982) (if the injury is substantively within the reach of the Act, *i.e.* work-related, then the rule "fulfills a requirement of [a] claimant's burden of proof"). Consequently, if the ALJ makes the predicate factual findings necessary to establish compensability under the LIER of proof, then the rule must be applied, irrespective of whether the claimant has uttered its name. Otherwise, a compensable condition will be deemed noncompensable, a result out of line with the objective of the Law as well as the LIER itself.

Here, because the ALJ determined that "the medical evidence in this case establishe[d] that claimant's work as a truck driver caused his carpal tunnel syndrome[,]" a result we find to be supported by substantial evidence, the Board should have applied the LIER of proof to establish the compensability of claimant's occupational disease claim.

Reversed and remanded for reconsideration.

---

[1] In a workers' compensation case, a claimant triggers a hearing by the submission of a "Request for Hearing" on which the claimant checks one or more of several boxes that identify the issues to be argued. Our reference to a "pleading" here is a reference to a "Request for Hearing."